**In the Interest of Dallas DUBLINSKI, a Minor.**

**Appeal of Dallas DUBLINSKI, Juvenile.**

Superior Court of Pennsylvania.

Argued Feb. 27, 1997.

Filed May 29, 1997.

Kevin A. Hardy, Stroudsburg, for appellant.

Curtis J. Rogers, Asst. Dist. Atty., Stroudsburg, for Com., participating party.

Before TAMILIA, HUDOCK and SAYLOR, JJ.

TAMILIA, Judge:

Dallas Dublinski appeals from the August 21, 1996 Order of Disposition adjudicating her delinquent, imposing placement in a juvenile facility and entering a judgment of restitution in the amount of $10,000. The disposition followed appellant's arrest for various offenses arising from the burglary and extensive vandalism of two unoccupied houses in Monroe County, Pennsylvania. The perpetrators were appellant and a group of her juvenile acquaintances. Prior to the disposition hearing, appellant reached an agreement with the Commonwealth whereby she entered an admission to two counts of burglary graded as first degree felonies and one count of criminal trespass graded as a third degree felony in exchange for the Commonwealth's dismissal of two counts of criminal mischief, four counts of theft of firearms, one count of theft by unlawful taking and two counts of criminal conspiracy. Appellant and the other juveniles caused damage to the residences in excess of $153,000.[1]

On appeal, appellant challenges only the propriety of the court's restitution award. Specifically, she claims the court abused its discretion by imposing restitution: (1) in a speculative amount not supported by the record; (2) without determining her ability to pay restitution; and (3) without directing how the restitution should be paid.

Before turning to the merits of this claim, we note an apparent conflict in our decisions as to whether appellant's challenges are to the discretionary aspects of sentencing. Initially, at least two published Opinions have held that a claim that restitution is not supported by the record challenges legality, rather than discretionary aspects, of sentencing. See *Commonwealth v. Reed*, 374 Pa.Super. 510, 514, 543 A.2d 587, 589 (1988) ("In *Commonwealth v. Balisteri*, [329 Pa.Super. 148, 478 A.2d 5 (1984)], this Court held

---

1. Appellant's parents also were ordered to make restitution in the amount of $2,500, however, no appeal has been taken from this portion of the court's Order.

that an Order of restitution which was not supported by the record was illegal."). On the other hand, several Opinions stand for the proposition that claims the court failed to consider appellant's ability to make restitution payments and that the amount of restitution ordered was speculative are challenges to the discretionary aspects of sentencing. See *Commonwealth v. McLaughlin*, 393 Pa.Super. 277, 574 A.2d 610 (1990), alloc. denied, 527 Pa. 616, 590 A.2d 756 (1991), cert. denied, 502 U.S. 916, 112 S.Ct. 320, 116 L.Ed.2d 261 (1991); *Commonwealth v. Mathis*, 317 Pa.Super. 362, 464 A.2d 362 (1983). Nonetheless, even those courts which have construed claims regarding restitution as challenges to the discretionary aspects of sentencing have found that such claims raise a substantial question for our review. See e.g. *Commonwealth v. Walker*, 446 Pa.Super. 43, 61, 666 A.2d 301, 310 (1995) ("[W]e find that appellant has at least raised a substantial question, arguing as he does that the sentence of restitution was not supported by the record."); accord, *McLaughlin, supra; Commonwealth v. Hlatky*, 426 Pa.Super. 66, 626 A.2d 575 (1993), alloc. denied, 537 Pa. 663, 644 A.2d 1200 (1994); and *Commonwealth v. Jones*, 418 Pa.Super. 93, 613 A.2d 587 (1992), alloc. denied, 535 Pa. 615, 629 A.2d 1377 (1993). Thus, regardless of whether we consider appellant's appeal a challenge to the legality or discretionary aspects of sentencing, we properly may consider the issues raised herein. This is especially appropriate where, as here, appellant has filed a concise statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f) and the Commonwealth does not claim that appellant has failed to raise a substantial question for our review.

■ Turning to the merits of this appeal, we note that a sentencing court must consider four factors before imposing restitution:

(1) The amount of loss suffered by the victim; (2) The fact that defendant's action caused the injury; (3) The amount awarded does not exceed defendant's ability to pay; [and] (4) The type of payment that will best serve the needs of the victim and the capabilities of the defendant.

*Commonwealth v. Valent*, 317 Pa.Super. 145, 149, 463 A.2d 1127, 1128 (1983) (citations omitted). See also *Walker, supra* at 62, 666 A.2d at 311 ("[T]he mandate of [our case law requires] that the sentencing court determine the amount of loss or damage caused, the amount of restitution appellant can afford to pay, and how it should be paid."). Although an award of restitution lies within the discretion of the court, it should not be speculative or excessive and we must vacate a restitution Order which is not supported by the record. *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 155–57, 478 A.2d 5, 9 (1984), citing *Commonwealth v. Fuqua*, 267 Pa.Super. 504, 407 A.2d 24 (1979).

■ Applying these principles to the instant case, we find that Juvenile Court abused its discretion in entering the restitution Order against appellant. Specifically, although the court properly determined that the amount of damage suffered by the home owners was $153,000,[2] the court did not consider the proportion of that damage caused by appellant, her ability to pay or the manner in which she should make restitution. This becomes meaningful in light of appellant's denial of having caused any of the physical damage although she led her friends into the houses. Thus, we must vacate that portion of the August 21, 1996 Order which imposes restitution and remand for a hearing on these issues. See *Fuqua, supra* at 510, 407 A.2d at 27 ("Among the things the court must consider on the record are: the extent of the injury suffered; the fact that the defendant's action caused the injury and that he will be able to pay it; and the type of payment—lump sum or installment—that will best serve the needs of the victim and the capabilities of the defendant.") (citations and footnote omitted).

■ Initially, as to causation, the court stated: "We feel that it would be almost impossible to determine with any degree of certainty the exact financial obligation of

---

2. The court reasonably based this finding on the amount of home owner's insurance recovered by the victims (N.T., 8/21/96, p. 11).

each of the juveniles, for his or her part of this destruction." (Slip Op., Cheslock, J., 10/4/96, p. 3.) In light of this statement, we have no choice but to conclude that the award of restitution in the amount of $10,000 was purely speculative and based on no evidence of record. Thus, upon remand, the court must endeavor to calculate the damages attributable to appellant's conduct. An award of restitution in excess of that amount is improper. See *Commonwealth v. Gerulis,* 420 Pa.Super. 266, 288, 616 A.2d 686, 697 (1992) ("The sentencing court cannot require payment in excess of the damage which defendant caused."). In determining the correct amount of restitution, the court must apply a "but-for" analysis, in which appellant will be liable for restitution for all damages which would not have occurred but for her criminal conduct. *Gerulis, supra* ("To determine the correct amount of restitution, a 'but-for' test is used—damages which occur as a direct result of the crime are those which should not have occurred but for the defendant's criminal conduct.") (citations omitted). Thus, far from reducing the restitution award, application of this analysis may well increase the award against appellant. Should the court find, as appears to be the case, that appellant was responsible for providing the other juveniles with access to the victims' property, application of a "but-for" analysis might place the entire responsibility for the damages upon appellant.

■■■ Of course, such an award might be mitigated by application of the third element of the restitution analysis, requiring that the court determine appellant's ability to pay. The Commonwealth argues that this element has been abrogated by a recent amendment to 18 Pa.C.S. § 1106, **Restitution for injuries to person or property,** which now states that restitution shall be awarded "[r]egardless of the current financial resources of the defendant[.]" See section 1106(c)(1)(i). This is not controlling, however. As emphasized by its placement in the Crimes Code, section 1106 applies to restitution Orders in criminal court. On the other hand, restitution in Juvenile Court is governed by 42 Pa.C.S. § 6352, which provides in relevant part:

**§ 6352. Disposition of delinquent child**

**(a) General rule.**—If the child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community:

. . .

(5) Ordering payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child.

*Id.* (emphasis added). Thus, according to the express language of section 6352(a)(5), the court must consider the earning capacity of the child. In determining this issue on remand, the following factors will be relevant: appellant's mental ability, maturity and education; her work history, if any; the likelihood of her future employment and extent to which she can reasonably meet a restitution obligation; the impact of a restitution award on her ability to acquire higher education and thus increase her earning capacity; and her present ability to make restitution.

■■■ As to the final element of the restitution analysis, the court on remand must determine, as part of appellant's plan of rehabilitation, the manner in which she must make restitution. *Fuqua, supra.* Should the court determine that appellant has no present ability to pay restitution, however, the court may defer imposition of a payment plan until an appropriate time in the future. "There is no rule of law which holds that a defendant can be ordered to make restitution only if he has a present financial ability to make immediate restitution." *Commonwealth v. Galloway,* 302 Pa.Super. 145, 165, 448 A.2d 568, 579 (1982), (Wieand, J., concurring) (emphasis added); see also *Common-*

wealth v. Wood, 300 Pa.Super. 463, 446 A.2d 948 (1982) (upholding sentence of restitution in which the hearing to determine a defendant's ability to pay and the manner of payment was deferred until after he had been released on parole). Another consideration must be the length of the period of jurisdiction which the court will have to supervise and enforce the Order of restitution since jurisdiction in a juvenile case ends at 21 years of age. Additionally, since the restitution Order does not state to whom it is payable, it must be assumed that the insurance company becomes the payee as it reimbursed the owner(s) for the damage. This, of course, must be clarified. If restitution remains unpaid at age 21, when the Juvenile Court loses jurisdiction, a proper Order would then be required to continue its viability pursuant to 42 Pa.C.S. § 9728, **Collection of restitution, reparation, fees, costs, fines and penalties.**

Based on the foregoing, we hold that a remand hearing is necessary to determine the extent to which appellant's conduct caused the damages at issue, appellant's ability to pay restitution and the type of payment that will best serve the needs of the victim and the rehabilitative needs of appellant. Accordingly, we vacate that portion of the August 21, 1996 Order imposing restitution in the amount of $10,000 and remand for proceedings consistent with this Opinion.

Order vacated; case remanded.

Jurisdiction relinquished.