**COMMONWEALTH of Pennsylvania**

v.

**Marshall G. COLON, Appellant.**

Superior Court of Pennsylvania.

Submitted Oct. 28, 1997.

Filed March 3, 1998.

Jean Arena, Asst. Public Defender, Gettysburg, for appellant.

Michael A. George, Asst. Dist. Atty., Gettysburg, for Com., appellee.

Before FORD ELLIOTT, EAKIN and OLSZEWSKI, JJ.

FORD ELLIOTT, Judge:

On October 2, 1996, appellant entered a plea of *nolo contendere* to one count of driving under the influence, 75 Pa.C.S.A. § 3731(a)(1), in exchange for which the Commonwealth agreed to a sentence of 23 months

of intermediate punishment. The agreement provided for 30 days of partial confinement in the Adams County Prison, followed by 90 days of house arrest, with restitution to be determined by the court at the time of sentencing. (R. at 33–34.)

At sentencing on January 24, 1997, the court relied upon the recently enacted mandatory restitution section of the Sentencing Code to determine that the victim of appellant's drunk driving was entitled to full restitution, including restitution to his insurer, without regard to appellant's ability to pay. (Statement pursuant to Pa.R.App.P.1925, 2/24/97 at 1, citing 42 Pa.C.S.A. § 9721(c).) Appellant challenges the applicability of the mandatory restitution statute to a sentence of intermediate punishment, the trial court's determination that the insurance company was a victim, and the trial court's refusal to consider evidence of appellant's ability to pay restitution. (Appellant's brief at 3.) We affirm.

■ Challenges to the appropriateness of a sentence of restitution are generally considered challenges to the legality of the sentence. *Commonwealth v. Walker*, 446 Pa.Super. 43, 55, 666 A.2d 301, 307 (1995), *allocatur denied*, 545 Pa. 652, 680 A.2d 1161 (1996), citing *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 478 A.2d 5 (1984) (other citations omitted). Appellant's first two claims implicate the legality of the restitution sentence; therefore, we will address them in order.

■ In his first issue, appellant challenges the applicability of the mandatory restitution statute to a sentence of intermediate punishment. The section of the sentencing statute applicable to intermediate punishment provides in pertinent part:

(b) Conditions generally.—The court may attach any of the following conditions upon the defendant as it deems necessary:

. . . .

(10) To make restitution of the fruits of the crime or to make reparations, in an affordable amount, for the loss or damage caused by the crime.

42 Pa.C.S.A. § 9763(b)(10).

Both the Sentencing Code and the Crimes Code have recently been amended to include mandatory restitution sections. The Sentencing Code now provides:

(c) Mandatory restitution.—In addition to the alternatives set forth in subsection (a) of this section [one of which is intermediate punishment] the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained. For purposes of this subsection, the term 'victim' shall be as defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929.

42 Pa.C.S.A. § 9721(c). The plain language of this section indicates that it applies to sentences of intermediate punishment; therefore, we find no merit to appellant's first challenge to the restitution order. *See also* 1 Pa.C.S.A. § 1934 ("Except as provided in section 1933 of this title (relating to particular controls general), whenever, in the same statute, several clauses are irreconcilable, the clause last in order of date or position shall prevail."). We turn then to appellant's claim that an insurer is not a victim under the Sentencing Code.

■ The Administrative Code, incorporated by reference into the mandatory restitution section of the Sentencing Code, defines "victim" as:

(1) A person against whom a crime is being or has been perpetrated or attempted.

(2) A parent or legal guardian of a child so victimized, except when the parent or legal guardian of the child is the alleged offender.

(3) A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiance, one of whom is to be identified to receive communication as provided for in this act.

71 P.S. § 180–9.1.

In addition to this definition of "victim," the Legislature has promulgated a second definition in its recent amendments to the Crimes Code. This definition provides:

'Victim.' As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as the Administrative Code of 1929. The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.

18 Pa.C.S.A. § 1106(h).

As noted *supra*, appellant was ordered to pay restitution under the Sentencing Code, not the Crimes Code. While the General Assembly did not amend the Sentencing Code to include insurers in its definition of "victim," a recent *en banc* panel of this court concluded that "the broadened definition of 'victim' to include an insurance company who has suffered a consequent loss applies to both relevant restitution provisions. 18 Pa. C.S.A. § 1106(c) as amended, 42 Pa.C.S.A. § 9721(c) as amended, 71 P.S. 180–9.1." *Commonwealth v. Layhue*, 455 Pa.Super. 89,, 687 A.2d 382, 384 (1996) (*en banc*). As a result, we conclude that in our case, the insurer was a "victim" for purposes of § 9721(c) of the Sentencing Code. We therefore turn to appellant's third issue, regarding the sentencing court's failure to consider evidence of his ability to pay when ordering restitution.

We note first that this issue implicates the discretionary aspects of appellant's sentence. *Commonwealth v. Walker, supra* at 55, 666 A.2d at 307 ("challenges alleging that a sentence of restitution is excessive under the circumstances [are] challenges to the discretionary aspects of sentencing[ ]"). Appellant has failed to comply with the requirements for raising a challenge to the discretionary aspects of his sentence, pursuant to Pa. R.App.P. 2119(f). *Commonwealth v. Tuladziecki*, 513 Pa. 508, 522 A.2d 17 (1987). As a result, this issue would be waived on appeal if the Commonwealth objected. *Id.* The Commonwealth did not, however, object. Despite this lack of objection, we may still quash the appeal or find the issue waived for non-compliance if we determine that our review of appellant's issue is "significantly hampered by the lack of a concise statement." *Commonwealth v. Walker, supra* at 52, 666 A.2d at 306. Because we find that

our review is not significantly hampered, we must next decide if appellant raises a substantial question.

■ Appellant claims that his ability to pay was not considered, as required by the Sentencing Code provisions applicable to intermediate punishment. This claim raises a substantial question. *Id.* at 61, 666 A.2d at 310 ("a substantial question arises when appellant can show 'actions by the sentencing court inconsistent with the sentencing code ...' "), quoting *Commonwealth v. McLaughlin*, 393 Pa.Super. 277, 290–293, 574 A.2d 610, 617–18 (1990), *appeal denied*, 527 Pa. 616, 590 A.2d 756 (1991), *cert. denied*, 502 U.S. 916, 112 S.Ct. 320, 116 L.Ed.2d 261 (1991). As a result, we shall address the issue.

As previously noted, both the Sentencing Code and the Crimes Code have recently been amended to include a mandatory restitution section. The Crimes Code section provides in pertinent part:

**(c) Mandatory restitution.—**

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution ordered for loss previously compensated by an insurance company to the insurance company.

18 Pa.C.S.A. § 1106(c). Under this section, the trial court clearly would have been required to order appellant to pay full restitu-

tion regardless of ability to pay.[1] Nevertheless, the trial court, in its statement pursuant to Pa.R.App.P.1925, opines that it ordered restitution pursuant to the Sentencing Code, 42 Pa.C.S.A. § 9721(c), set forth *supra.*

Prior to the 1995 amendments to the Sentencing Code, our supreme court required that a sentencing court consider "what loss or damage has been caused, and what amount of restitution Appellant can afford to pay, and how it should be paid[ ]" when ordering restitution under the Sentencing Code. *Commonwealth v. Harner, supra* at 23, 617 A.2d at 707 (footnote omitted). The language of § 9763, applicable to intermediate punishment, like the language of § 9754, applicable to probation and at issue in *Harner,* echoes these concerns. *See* 42 Pa.C.S.A. § 9763(b)(10), *supra;* 42 Pa.C.S.A. § 9754(c)(8) (the court may order a defendant "[t]o make restitution of the fruits of his crime or to make reparations, in an amount he can afford to pay, for the loss or damage caused thereby."). As the *Harner* court stated when discussing restitution as a condition of probation under the Sentencing Code:

Restitution may also be imposed as a condition of probation and, under such circumstances, the courts are traditionally and properly vested with a broader measure of discretion in fashioning conditions of probation appropriate to the circumstances of the individual case. The reason for this attitude stems from the purpose of imposing conditions of probation which are primarily aimed at rehabilitating and reintegrating a law breaker into society as a law-abiding citizen. This is deemed a constructive alternative to imprisonment.

. . . .

[T]he practice of ordering restitution or reparation as such a condition is widely established and highly favored in the law, as an aid both to the criminal in achieving rehabilitation and to his victim in obtaining some measure of redress.

Such sentences are encouraged and give the trial court the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way.

*Commonwealth v. Harner, supra* at 21–22, 617 A.2d at 706–707 (citations omitted). The question, then, is whether a sentencing court may still consider these concerns when ordering restitution in view of recently amended § 9721(c).

It is clear under § 1106(c) of the Crimes Code that a sentencing court must order restitution to the full extent of the victim's loss, regardless of the defendant's ability to pay. It is also clear, however, that the General Assembly did not include in the Sentencing Code the same unconditional language that it used in the Crimes Code. The Sentencing Code merely mandates that the victim be compensated "for the damage or injury he sustained." 42 Pa.C.S.A. § 9721(c). As a result, we must next determine whether the General Assembly intended to make a distinction between restitution under the Sentencing Code and restitution under the Crimes Code. We turn to the legislative history of the 1995 amendments for guidance.

First, as already noted, the relevant provisions of both the Crimes Code and the Sentencing Code were amended at the same time, effective on the same day. Prior to

---

1. We note that appellant could have been sentenced to restitution under the Crimes Code because his violation of 75 Pa.C.S.A. § 3731(a)(1) resulted in serious bodily injury to the victim. *See Commonwealth v. Fuqua,* 267 Pa.Super. 504, 511, n. 10, 407 A.2d 24, 28 n. 10 (1979) (upholding a sentence of restitution for damage to property under 18 Pa.C.S.A. § 1106 after Fuqua was found guilty of violating § 3731(a)(1)); *accord Commonwealth v. Walker, supra* at 55–57, 666 A.2d at 307–08 (upholding an order of restitution under § 1106 where Walker's violation of 75 Pa.C.S.A. § 3731(a)(1) resulted in serious bodily injury to victim). We could therefore uphold appellant's restitution sentence based upon this separate legal theory. *See Commonwealth v. Harner,* 533 Pa. 14, 21, 617 A.2d 702, 706 (1992) (finding that 18 Pa.C.S.A. § 1106 did not apply, but upholding a sentence of restitution under 42 Pa.C.S.A. § 9754, applicable to a sentence of probation, and holding that "we may affirm the sentencing court if there was any source of authority for the judgment of sentence—even where the source was not suggested to or known by the lower court at the time of sentencing[ ]") (citation omitted).

passage, these statutes, as well as other sections that were revised during Governor Ridge's "Special Session on Crime," had undergone numerous revisions. Most of the discussion on the floor of the House and Senate concerned the advisability and legality of mandatory restitution for juvenile offenders and/or their parents. *See,* for example, H.R. Legislative Journal No. 29, April 25, 1995, First Special Session of 1995 at 254–255 (Pa.1995); H.R. Legislative Journal No. 8, February 6, 1995, First Special Session of 1995 at 35–41 (Pa.1995). Unfortunately, we do not have the benefit of discussion of the bill in the Judiciary Committees of the House and Senate. Nevertheless, it appears from the limited discussion on the floor of both chambers that members of the General Assembly did not differentiate between the two provisions; rather, they were treated as one. For example, when the bill containing both provisions was presented to the Senate for final passage, Senator Heckler observed:

> Mr. President, I just want to make a few brief remarks about this bill because there has been considerable confusion. It has been amended a number of times, and I think it bears noting at this point what this bill contains and what we are being called upon to vote on this morning. This legislation provides for mandatory restitution in the adult criminal court system of our State so that where the facts of a particular criminal conviction give rise to the conclusion that restitution to the victim is in order, the court must impose such a restitution order and that order is then available for both the enforcement of the court and as a future basis of a civil judgment. The court is mandated to make such an order in the case of an adult criminal conviction. The bill no longer contains provisions as to the juvenile system of our State.
>
> . . . .

S. Legislative Journal No. 25, April 19, 1995, First Special Session of 1995 at 129 (Pa.1995).

We note also that the General Assembly amended § 9730 of the Sentencing Code in 1996 to apply to restitution as well as to court costs and fines. That section, entitled "Payment of court costs, restitution and fines," now provides that if a defendant defaults in the payment of a fine, court costs, or restitution after imposition of sentence, "the issuing authority or a senior judge or senior district justice ... may conduct a hearing to determine whether the defendant is financially able to pay." 42 Pa.C.S.A. § 9730(b)(1), amended 1996, July 11, P.L. 607, No. 104, § 7, effective in 60 days. If the defendant is able to pay, the appropriate authority may turn the delinquent account over to a collection agency or impose imprisonment. *Id.* at § 9730(b)(2). If, however, the defendant is unable to pay immediately or in a single remittance, the appropriate authority may provide for installment payments. *Id.* at § 9730(b)(3). In determining the amount of the installments, the appropriate authority:

> shall consider the defendant's financial resources, the defendant's ability to make restitution and reparations and the nature of the burden the payment will impose on the defendant. If the defendant is in default of a payment or advises the [appropriate authority] that default is imminent, the [appropriate authority] may schedule a rehearing on the payment schedule. At the rehearing the defendant has the burden of proving changes of financial condition such that the defendant is without the means to meet the payment schedule. The [appropriate authority] may extend or accelerate the schedule, leave it unaltered or sentence the defendant to a period of community service as the [appropriate authority] finds to be just and practicable under the circumstances.

*Id.* From this section, it is clear that the General Assembly intended that the initial sentence of mandatory restitution under § 9721(c) be based solely upon "the damage or injury" sustained by the victim: only if the defendant defaults may the appropriate authority consider the defendant's ability to pay.

We recognize that § 9763(b)(10), relied upon by appellant, must be read in *pari materia* with § 9721(c) of the Sentencing Code. 1 Pa.C.S.A. § 1932 ("Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things."). The plain language of § 9763(b)(10) requires the sentencing court to take into account the

defendant's ability to pay when ordering restitution as part of a sentence of intermediate punishment.[2] Nevertheless, as already noted, later amendments to the statute indicate a clear legislative intent that a defendant be required to compensate the victim for "the damage or injury he sustained." 42 Pa. C.S.A. § 9721(c). Only upon default is defendant's ability to pay to be considered. 42 Pa.C.S.A. § 9730. We must therefore once again be guided by the Rules of Statutory Construction, in particular 1 Pa.C.S.A. § 1934, which, as already noted, provides, "Except as provided in section 1933 of this title (relating to particular controls general), whenever, in the same statute, several clauses are irreconcilable, the clause last in order of date or position shall prevail." As a result, we grant appellant no relief on this final issue.

For all of the foregoing reasons, we affirm the judgment of sentence.

OLSZEWSKI, J., files a Concurring Opinion.

OLSZEWSKI, Judge, concurring:

It is with the utmost reticence that I am constrained to differ with my distinguished colleagues on the issue of whether the Sentencing Code mandates full restitution in sentences of intermediate punishment. The majority acknowledges that the "plain language of § 9763(b)(10) requires the sentencing court to take into account the defendant's ability to pay when ordering restitution as part of a sentence of intermediate punishment." Majority at 1283–84 (footnote omitted). The majority nevertheless disregards this unambiguous language because it conflicts with their interpretation of the "clear legislative intent." *Id.* The rules of statutory construction provide that "[w]hen words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under pretext of pursuing its spirit." 1 Pa. C.S. § 1921. I recognize that these rules only apply when they do not result in a

"construction inconsistent with the manifest intent of the General Assembly." 1 Pa.C.S. § 1901. While the analysis offered by the majority is persuasive, the intent of the General Assembly is by no means manifest in this matter. Accordingly, I would apply the rules of statutory construction, which require us to prefer the plain meaning of the statute over our suspicions as to the General Assembly's intent. Because, however, the court could have awarded full restitution without considering the defendant's ability to pay by simply electing to award restitution under the Crimes Code, *see* Majority at 1282 n. 1, I concur in the result.

---

2. A recent panel of this court distinguished a sentence of restitution in criminal court from a similar sentence in juvenile court, and held that a juvenile court must consider, *inter alia*, a juvenile's earning capacity when ordering restitution. *In Interest of Dublinski*, 695 A.2d 827, 830 (Pa.Super.1997). As the *Dublinski* court noted, restitution in juvenile court is governed by 42 Pa.C.S.A. § 6352, Disposition of delinquent child, not by the Crimes Code. *In Interest of Dublinski, supra* at 830. We thus find *Dublinski* likewise distinguishable from the instant case in which the court imposed restitution pursuant to the Sentencing Code.