**In the Interest of J.E.D., Jr., A Juvenile, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 15, 2005.

Filed July 7, 2005.

David R. Crowley, Bellefonte, for appellant.

Michael F.J. Piecuch, Harrisburg, Attorney General's Office, for appellee.

Before: HUDOCK, STEVENS, and BENDER, JJ.

OPINION BY STEVENS, J.:

¶ 1 Appellant, who is a juvenile, appeals from the order requiring him to pay $19,377.95 in restitution following his adjudication of delinquency for the offense of simple assault.[1] On appeal, Appellant contends the trial court erred in determining the amount of restitution to be paid to Socrates, Inc.[2] We affirm.

¶ 2 The relevant facts and procedural history are as follows:

[Appellant] and the victim became involved in a verbal argument after school. [Appellant] and the victim agreed to meet later at another location. Upon arrival, both engaged in a verbal exchange about fighting. [Appellant] then punched the victim with a closed fist. He hit the victim in the [left] cheekbone/eye area, causing the victim's skin to break open above the [left] eye. The punch also caused the victim to be knocked out and to fall backward. This fall caused the victim to hit his head on the pavement, resulting in a severe head wound.

After being transported to Mount Nittany Medical Center, the emergency room doctor stated that the victim needed to be life-flighted to Geisinger Medical Center (Geisinger) because the victim had an epidural hematoma (bleeding on top of the brain and under the skull). At Geisinger, the victim underwent brain surgery to remove a small piece of bone from his brain. He remained in guarded or critical condition for an extended period of time.

Trial Court Opinion filed 9/24/04 at 2.

¶ 3 On April 19, 2004, the trial court adjudicated Appellant delinquent for the offense of simple assault. During the April 19, 2004 hearing, the Commonwealth indicated that the information regarding restitution was incomplete because the victim's parents had not received all of the medical bills associated with the victim's injuries. N.T. 4/19/04 at 3. At the conclusion of the hearing, the trial court ordered Appellant to be placed at the Youth Forestry Camp and to pay restitution to the victim in the amount of $4,826.00. However, the trial court specifically noted that "[a]t present, incomplete information indicates that restitution is in the amount of

---

1. 18 Pa.C.S.A. § 2701.

2. Socrates, Inc. provides subrogation outsourcing services to Geisinger Health Plan, which is the victim's health insurance provider.

$4,826.00. It is anticipated that the trial court will continue to receive restitution information up to the date of final adjudication-final disposition." N.T. 4/19/04 at 23.

¶ 4 On July 19, 2004, the trial court held a review hearing and modified the amount of restitution to $19,377.95 to be paid to Socrates, Inc. through Mr. Paul J. Gitnik and Associates.[3] Appellant filed a timely appeal. The trial court ordered Appellant to file a statement pursuant to Pa.R.A.P. 1925(b), Appellant filed the requested statement,[4] and the trial court filed a Pa. R.A.P.1925(a) opinion.

■ ¶ 5 Initially, we must review the Commonwealth's contention that the trial court's July 19, 2004 order is not appealable. Citing to *In the Interest of M.D.*, 839 A.2d 1116 (Pa.Super.2003), the Commonwealth argues that Appellant should have filed an appeal from the April 19, 2004 dispositional order and not from the July 19, 2004 review order. We disagree.

¶ 6 The law is clear that the Juvenile Act itself does not provide a right of appeal. *In the Interest of McDonough*, 287 Pa.Super. 326, 430 A.2d 308, 312 (1981). Rather, a juvenile's right of appeal stems from Article V Section 9 of our state constitution, which provides that "there shall be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court."

The Juvenile Court is a court of record and pursuant to Pa.R.A.P. 341, appeal

may be taken as of right from any final order of an administrative agency or lower...court. The final order of a Juvenile Court is the Dispositional Order as to the Delinquent Child, pursuant to 42 Pa.C.S. § 6352.

*In the Interest of M.D.*, 839 A.2d at 1118 (quotation omitted).

¶ 7 It is clear that a juvenile has the right of appeal following his initial disposition. *See In the Interest of M.D., supra.* The issue is when a juvenile may appeal following a review hearing and subsequent entry of an order. To determine whether Appellant was permitted to appeal following his July 19, 2004 review hearing and order modifying his restitution, we examine precedential authority.

¶ 8 In *In the Interest of M.D.*, to which the Commonwealth cites, M.D. was adjudicated delinquent and, in January of 2002, he was placed in a treatment center. In July of 2002 and October of 2002, the trial court held review hearings and continued placement. M.D. filed an appeal to this Court from the October 2002 review order which continued his placement in the same facility. Following a careful analysis, this Court concluded that the October 2002 order was not appealable. Specifically, this Court held "that a committed juvenile does not have the right to appeal from a review order that continues his commitment in the same manner and place and that maintains the status quo." *In the Interest of M.D.*, 839 A.2d at 1121.

---

3. The trial court also ordered Appellant to be placed in the Shelter Care Program at Zerby Gap Family Works, directed Appellant to pay the victim's parents $530.00, and indicated that, in the event Appellant failed to make restitution, his parents would be responsible for restitution in the statutory amount of $2,500.00. Appellant does not challenge these portions of the court's order on appeal.

4. In his Pa.R.A.P.1925(b) statement, Appellant raised the following issue:

Whether the trial court abused its discretion in ordering a Juvenile to pay $19,377.95 as restitution for medical expenses sustained by the co-participant in a simple assault by mutual consent without taking into account the Juvenile's ability to pay restitution and the nature of the act committed?

¶ 9 In *In the Matter of R.B.*, 765 A.2d 396 (Pa.Super.2000), R.B. was adjudicated delinquent and, on May 18, 1998, he was placed at the Alternative Rehabilitation Communities, Inc. (ARC). Following periodic review hearings, R.B. remained in placement at ARC. In February of 2000, following a review hearing, the trial court ordered continued placement at ARC and indicated that R.B. was to submit to an evaluation at John Hopkins to determine his receptivity to chemical castration. R.B. filed an appeal to this Court from the February 2000 order requiring the medical evaluation. This Court concluded that the February 2000 review order was appealable because of the additional requirement set out in the medical evaluation. Specifically, this Court reasoned that the additional requirement modified a previously entered, final order of disposition. *Id.* at 400.

¶ 10 In the case *sub judice*, we conclude that the July 19, 2004 review order is more akin to the order in *In the Matter of R.B.*, *supra*. While the July 19, 2004 order did not add a new requirement, it did greatly modify the amount of restitution. Unlike the order in *In the Interest of M.D.*, the July 19, 2004 order in this case did not maintain the status quo. To expand this Court's holding in *In the Interest of M.D.* to include review orders which increase

restitution implicates concerns about due process.

¶ 11 Moreover, we note that the trial court specifically stated at the April 19, 2004 dispositional hearing that it did not have sufficient information to determine the final amount of restitution and that it anticipated increasing the amount of restitution as additional evidence was received. Therefore, since the July 19, 2004 order modified the amount of restitution, and provided Appellant with notice of the final amount of restitution to be paid, we conclude the order is appealable

¶ 12 To hold otherwise would require juveniles to file pre-emptive appeals. That is, a juvenile may not object to the terms of the original dispositional order but may feel constrained to appeal on the basis that the order might become unjustifiable in the future. This situation was not the intent of the legislature or the appellate courts when they granted flexibility to juvenile courts for conducting review hearings. Having found the order at issue to be appealable, we will now proceed to a review of Appellant's claims on appeal.

¶ 13 Appellant contends the trial court erred in determining the amount of restitution to be paid to Socrates, Inc.[5] Specifically, Appellant contends the trial court (1) failed to consider Appellant's ability to pay $19,377.95 and (2) ignored the nature of the crime.[6]

---

5. We note that Appellant's issues are premised upon the claim that the restitution order is excessive. Therefore, Appellant's issues challenge the discretionary aspects of sentencing. *See In the Interest of M.W.*, 555 Pa. 505, 725 A.2d 729 (1999); *In the Interest of J.J.*, 848 A.2d 1014 (Pa.Super.2004). Appellant has provided this Court with a concise statement of reasons for allowance of appeal pursuant to Pa.R.A.P. 2119(f), and his issues raise a substantial question. *In the Interest of J.J.*, *supra*.

6. Appellant also suggests that the legislature has indicated that restitution is not mandato-

ry in juvenile cases since the purpose of the Juvenile Code is to supervise and rehabilitate. We summarily dispose of this claim by noting that the fact restitution orders are not mandatory in juvenile cases does not require a trial court to refuse to impose restitution. Moreover, to the extent Appellant contends the restitution order is illegal because Appellant was directed to pay an insurance company, which was not the "victim," we find the issue to be waived. Aside from making this bald assertion, Appellant has failed to cite any authority to support his contention and has oth-

¶ 14 With regard to Appellant's ability to pay, it is well settled that in juvenile cases the trial court must determine whether the amount of restitution exceeds the juvenile's ability to pay. *See In the Interest of J.J.,* 848 A.2d 1014 (Pa.Super.2004); *In the Interest of Dublinski,* 695 A.2d 827 (Pa.Super.1997). Here, the trial court indicated the following regarding Appellant's ability to pay:

[T]he $19,377.95 ordered as restitution, although a substantial amount for a [seventeen]-year-old, may be paid off over a period of years. Pursuant to 42 Pa.C.S.A. § 6352(a)(5), the court has the authority to retain jurisdiction over the child until the restitution is paid in full or the child reaches the age of 21. If the child reaches the age of 21 prior to satisfying the restitution debt, the court may continue to collect any unpaid amount. 42 Pa.C.S.A. § 9728. As long as the amount of restitution is related to the harm suffered by the victim, §§ 6352(a)(5) and 9728 permit the court to set a monetary amount that, although it may be currently [non]payable in a lump sum, may be paid off over time.

In *Dublinski,* the court stated that if a juvenile defendant does not have the present ability to pay restitution, the court may defer imposition of payment until an appropriate time in the future. The court reasoned that: '[T]here is no rule of law which holds that a defendant can be ordered to make restitution only if he has a present financial ability to make immediate restitution.' *Id.*

Thus, the fact that [Appellant] does not have the present ability to pay the ordered amount of restitution does not relieve [Appellant] of paying that amount. He is an able-bodied young man who has the ability to earn money.

[Appellant] may pay off his debt when he begins working.

[H]aving [Appellant] pay the restitution amount over a period of time will increase the likelihood that it is paid. As [Appellant] is unable to pay the amount immediately, paying over a period of years will ensure that he is able to pay, and this method ensures that the victim will be compensated.

Trial Court Opinion filed 9/24/04 at 4–5 (quotation omitted). We find no abuse of discretion in this regard.

¶ 15 With regard to Appellant's claim that the trial court failed to consider the nature of the crime, we disagree.

¶ 16 It is well settled that, in fashioning restitution, the trial court must consider the nature of the crime, i.e., whether the juvenile's actions caused the injury. *In the Interest of Dublinski, supra.* With regard to this issue, the trial court stated the following:

The court must apply a 'but-for' analysis, in which an appellant will be liable for restitution for all damages which would not have occurred but for his or her criminal act. *In the Interest of Dublinski, supra.*

\* \* \*

[I]t is clear from the record that there is a direct casual link between the victim's injuries and the assault for which [Appellant] was adjudicated. 'But for' Appellant striking the victim with a closed fist, the victim would not have sustained his injuries. This connection is further supported by the significant testimony from witnesses concerning the extreme medical care the victim required.

erwise not developed his one paragraph argument. *See* Pa.R.A.P. 2119.

Trial Court Opinion filed 9/24/04 at 3. We find no abuse of discretion in this regard.[7]

¶ 17 Affirmed.

---

7. Appellant also suggests the trial court should have allocated a portion of the insurance paid for the victim's medical expenses to the victim because he was a co-participant. We find this issue to be waived because it was not specifically presented in Appellant's court-ordered Pa.R.A.P.1925(b) statement and was not addressed by the trial court. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998).