45 A.3d 1118 (2012)
In the Interest of J.G., a Minor.
Appeal of J.G., a Minor, Appellant.
No. 784 WDA 2010.
Superior Court of Pennsylvania.
Argued April 26, 2011.
Filed March 23, 2012.
*1119 Suzanne M. Swan, Public Defender and Jeffrey M. Murray, Public Defender, for appellant.
Michael W. Streily, Deputy District Attorney, Pittsburgh, for Commonwealth, participating party.
BEFORE: STEVENS, P.J., GANTMAN, J. and STRASSBURGER[*], J.
OPINION BY STEVENS, P.J.
Appellant, J.G., a minor, appeals from an order entered in the Court of Common Pleas of Allegheny County on April 15, 2010. We affirm.
In November 2009, J.G. and two other juveniles carjacked a woman's vehicle, then wrecked it during the ensuing police chase. Although each was charged as an adult, they were then offered the opportunity to enter into plea agreements in the juvenile court system.
J.G. and the Commonwealth agree with the factual history set forth by the Honorable Michael F. Marmo as follows:
J.G. pleaded to be adjudicated delinquent on charges of Robbery of a Motor Vehicle, Criminal Conspiracy, and Receiving Stolen Property on November 24, 2009 before the Honorable Judge John T. McVay, Jr. J.G. was one of three co-defendants in the case. The other two co-defendants plead to be adjudicated delinquent before the Honorable Judge Thomas Flaherty on November 30, 2009.
During the November 24, 2009 hearing with Judge McVay, the issue of restitution was raised by the District Attorney, however, the restitution information had not yet been received by probation. Disposition was deferred until December 22, 2009, at which time Judge McVay committed J.G. to Alternative Rehabilitative Communities and ordered a review for March 25, 2010. The issue of restitution was not addressed at the December 22, 2009 hearing.
On March 16, 2010, the probation officer e-filed a "Restitution Review Report" in anticipation of the review scheduled before this Court on March 25, 2010. The report stated that the Probation Department had recently received information from the victim who was seeking $11,607.00 in restitution to be divided among the three co-defendants. At the March 25, 2010 hearing, counsel for J.G. objected to restitution being awarded because more than 30 (thirty) days had elapsed from the date J.G. plead to the charges on November 24, 2009. After hearing arguments from the parties, this Court continued the restitution hearing until April 15, 2010 to allow the parties an opportunity to submit briefs.
At the April 15, 2010 restitution hearing, a representative of Erie Insurance Company appeared seeking restitution on behalf of the company.[[1]] The representative *1120 testified credibly that the victim's vehicle in this case was totaled, and that the insurance company paid $14,657.78 to Century Heritage Federal Credit Union to pay off the vehicle. The amount paid by Erie Insurance Company represented the salvage value of the vehicle, and included the victim's deductible and sales tax paid. The victim also appeared at the hearing seeking restitution for medical expenses, a GPS unit and the difference between the amount the victim paid for her vehicle and the salvage value paid by Erie Insurance Company (or, in the alternative, the amount she paid for a replacement vehicle). During the hearing, she agreed to limit her restitution request to $5,000.00. After hearing arguments from all parties, this Court ordered J.G. and the other two (2) co-defendants, to each pay $1667.00 in restitution for the victim and $4,886.00 in restitution for the insurance company.
Appellant's brief at 5-6 (citing Opinion filed 10/19/10 at 1-2); Appellee's brief at 5-6 (citing Opinion filed 10/19/10 at 1-2).
J.G. filed a timely appeal of Judge Marmo's April 15, 2010 order, raising the following issue for our review: "Did the juvenile Court have the jurisdiction to issue an order for restitution 114 days after the order of disposition, and if so, was that order the equivalent of an illegal sentence because it lacked statutory authority and violated J.G.'s due process rights?" Appellant's brief at 4.[2]
Our standard of review of dispositional orders in juvenile proceedings is well settled. "The Juvenile Act grants broad discretion to the court when determining an appropriate disposition. We will not disturb a disposition absent a manifest abuse of discretion." In re R.D.R., 2005 PA Super 204, 876 A.2d 1009, 1013 (Pa.Super.2005) (internal citation omitted). Moreover, "[a] petition alleging that a child is delinquent must be disposed of in accordance with the Juvenile Act. Dispositions which are not set forth in the Act are beyond the power of the juvenile court." In re J.J., 2004 PA Super 142, 848 A.2d 1014, 1016-1017 (Pa.Super.2004) (citation omitted).
Further, one of the purposes of the Juvenile Act is to hold children accountable for their behavior. Accordingly, the Juvenile Act authorizes the court to "order[] payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation concerning the nature of the acts committed and the earning capacity of the child." 42 Pa. C.S.A. § 6352, Disposition of delinquent child, (a) General rule.-(5). Consistent with the protection of the public interest and the community, the rehabilitative purpose of the Juvenile Act is attained through accountability and the development of personal qualities that will enable the juvenile offender to become a responsible and productive member of the community. Thus, the policies underlying the Juvenile Act and its restitution provision, as well as the plain language of *1121 Section 6352, serve to invest the juvenile court with a broad measure of discretion to apportion responsibility for damages based upon the nature of the delinquent act and the earning capacity of the juvenile. In re M.W., 555 Pa. 505, 512-513, 725 A.2d 729, 732-733 (1999).

Appeal of B.T.C., 2005 PA Super 26, 868 A.2d 1203, 1204-1205 (Pa.Super.2005). In reviewing an order of restitution, discretion is abused where the order is speculative or excessive or lacks support in the record. In Interest of Dublinski, 695 A.2d 827, 829 (Pa.Super. 1997) (citing Commonwealth v. Fuqua, 267 Pa.Super. 504, 407 A.2d 24, 27 (Pa.Super.1979)).
Commonwealth v. B.D.G., 959 A.2d 362, 366-367 (Pa.Super.2008) (en banc).
Judge Marmo's Rule 1925(a) Opinion addresses J.G.'s claims as follows:
J.G. [] argues this Court lacked jurisdiction to order restitution because the Commonwealth failed to present restitution information within thirty (30) days of the disposition date. Under Section 6352(a)(5) of the Juvenile Act, it is entirely appropriate for this Court to order restitution to the victims in this case. There is nothing in the Juvenile Act that requires the restitution be awarded within thirty (30) days of the disposition date. Counsel for J.G. argues that direction can be taken from criminal law jurisprudence, and specifically 18 Pa. C.S.A. § 1106(c)(2), which requires all restitution must be in and ordered by the time of sentencing. See J.G.'s Brief in Opposition to Restitution, p. 8. While 18 Pa.C.S.A. § 1106(c)(2) applies to restitution orders in criminal court, it is not controlling in this context, and there is no similar provision found in the Juvenile Act. See In re: Dublinski, 695 A.2d 827, 829 (Pa.Super.1997) (restitution in juvenile court is governed by the Juvenile Act, not by the Crimes Code). We recognize, however, that although an award of restitution lies within the discretion of the court, such award should not be speculative or excessive. See Dublinski, 695 A.2d at 830 (Pa.Super. 1997). The restitution awarded by the Court in this case was proper and reasonable.
J.G. also argues this Court lacked jurisdiction to order restitution because J.G.'s disposition was finalized on December 22, 2009, and no restitution was mentioned on the disposition order and no restitution information was provided to J.G. at that time. Although the issue of restitution was not addressed in Judge McVay's disposition order, J.G. was aware that the Commonwealth was seeking restitution in this case. The assistant district attorney raised the issue of restitution during the November 24, 2009 hearing before Judge McVay, and J.G. even indicated to Judge McVay during that hearing that he was willing to pay restitution. See November 24, 2009 Hearing Transcript, pp. 8, 15. There is nothing in the Juvenile Act which prevents this Court from scheduling the restitution review once the information became available, even if this occurs after the Court enters a disposition order. Additionally, Judge Flaherty's disposition orders in the two (2) co-defendants' cases stated that restitution was kept open. It would have been an irrational decision to have two of the co-defendants responsible for the entire restitution amount when all three of the juveniles participated in the incident.
J.G. argues that the restitution ordered in this case constitutes an illegal sentence. The term "illegal sentence" is a term of art that the Courts apply narrowly, to a relatively small class of cases. Commonwealth v. Berry, 877 *1122 A.2d 479, 483 (Pa.Super.2005). It appears J.G. is not challenging the amount of restitution; rather the juvenile is challenging the Court's authority to award restitution in this case at all. If no statutory authority exists for a particular sentence, then that sentence is illegal and subject to correction. See Commonwealth v. Kinney, 777 A.2d 492, 494 (Pa.Super.2001). The issue of whether or not an illegal sentence has been imposed necessitates the examination of the subject statute. In this instance, the statutory authority permitting an order of restitution is set forth in Section 6352 of the Juvenile Act and provides, in pertinent part, as follows:
b(a) General rule.  If a child is found to be a delinquent child the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation, and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community....
(5) Ordering payment by the child of reasonable amounts of money as fines, costs or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child.
42 Pa.C.S. 6352(a)(5). Under the plain language of the statute, this Court has the authority to award restitution where a minor has been adjudicated delinquent. This Court also enjoys broad discretion when deciding whether to impose restitution as part of the overall goal of apportioning responsibility and accountability, subject to the child's ability to pay. See Commonwealth v. B.D.G., 959 A.2d 362, 368 (Pa.Super.2008): see also In re: M.W., [555 Pa. 505] 725 A.2d 729, 733 (Pa.1999) (finding the juvenile court appropriately ordered restitution in furthering the rehabilitative purpose of the Juvenile Act). In this case, the award of restitution was within the legal parameters set forth in the statute and not an illegal sentence.
Finally, J.G. argues he was denied his due process rights when the Commonwealth sought and was awarded restitution more than 90 days after his final disposition and placement. No due process concerns are implicated in this instance because this Court's April 15, 2010 Order is a separate appealable order. See In re: J.E.D., Jr., 879 A.2d 288 (Pa.Super.2005) (a review order which increases restitution and provides the juvenile with notice of the final amount of restitution to be paid is an appealable order). Accordingly, we conclude that this Court did not err in awarding restitution in this case.
Opinion filed 10/19/10.
As noted above, the policies underlying the Juvenile Act and its restitution provision, as well as the plain language of Section 6352, invest the juvenile court with a broad measure of discretion to apportion responsibility for damages. Such a determination will not be disturbed absent a manifest abuse of discretion, evidenced by an order that is speculative or excessive or lacks support in the record. Appellant in this matter has failed to prove that Judge Marmo's determination involved such a manifest abuse of discretion, and we find the judge's recitation of the facts and the law to be fully supported and correct. On *1123 that basis, we affirm his order of April 15, 2010.
Affirmed.
STRASSBURGER, J., files a concurring opinion.
CONCURRING OPINION BY STRASSBURGER, J.:
I join the Majority opinion. I write separately to caution that the ordering of restitution 114 days after the dispositional order is permissible based upon the unusual fact situation here. It would be a mistake, in my view, to read the opinion as granting carte blanche to juvenile court judges to order restitution at any time.
NOTES
[*] Retired Senior Judge assigned to the Superior Court.
[1] At the commencement of the April 15, 2010 hearing, Judge Marmo had overruled J.G.'s objection to restitution being awarded more than 30 (thirty) days after the date J.G. plead to the charges in question. N.T. 4/15/10 at 9. In so ruling, Judge Marmo noted that it was clear from the record that the issue of restitution was to remain open as to J.G.'s co-defendants, and to hold otherwise as to J.G. himself simply because Judge McVay's order was less clear on the issue would produce the irrational possibility that two of the perpetrators would be obligated to pay restitution while the third would not. Id. at 8. Judge Marmo also pointed out that the three had agreed to share the burden of paying restitution. Id.
[2] This allegation has been preserved by the timely filing of a Pa.R.A.P. 1925(b) Statement of Matters Complained of on Appeal, and Judge Marmo has filed a responsive Rule 1925(a) Opinion.