J-A26045-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| IN THE INTEREST OF: M.R.B., A MINOR | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: M.R.B., A MINOR | |
| | No. 2008 MDA 2014 |

Appeal from the Dispositional Order October 22, 2014
in the Court of Common Pleas of Dauphin County
Juvenile Division at No.: CP-22-JV-0000053-2014

BEFORE: FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED SEPTEMBER 29, 2015**

Appellant, M.R.B., a minor, appeals from the dispositional order following the juvenile court's adjudication of delinquency following her counseled admission to five counts each of forgery, theft by deception, receiving stolen property, criminal conspiracy, and bad checks.[1]  Appellant challenges the restitution award.  We affirm on the basis of the juvenile court's January 23, 2015 opinion.

In its January 23, 2015 opinion, the juvenile court fully and correctly sets forth the relevant facts and procedural history of this case.  (**See**

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 4101(a)(2), 3922(a)(1), 3925(a), 903(c), and 4105(a)(1), respectively.

Juvenile Court Opinion, 1/23/15, at 1-2).  Therefore, we have no reason to restate them here.

Appellant raises the following issues for our review:

I.    Whether the trial court abused its discretion by misapplying the law when it awarded restitution to Ms. Pamela Weinberg as a third party?

II.    Whether the trial court abused its discretion by awarding excessive restitution in the amount of [$1,215.21]?

(Appellant's Brief, at 5).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the juvenile court, we conclude that there is no merit to Appellant's issues.  The juvenile court properly disposed of all of the questions presented.  (**See** Juvenile Ct. Op., at 3-5) (finding: (1) juvenile court properly exercised its discretion in award of joint and several restitution; and (2) amount of restitution award appropriate).  Accordingly, we affirm on the basis of the juvenile court's January 23, 2015 opinion.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 9/29/2015

- 2 -

IN THE INTEREST OF                  :   IN THE COURT OF COMMON PLEAS
                                             :   DAUPHIN COUNTY, PENNSYLVANIA
                                               :

             vs.                       :   NO. 53-JV-2014
                                               :

M.B., a minor                         :   CRIMINAL MATTER

### TRIAL COURT MEMORANDUM OPINION PURSUANT TO PENNSYLVANIA RULE OF APPELLATE PROCEDURE 1925(A)

Presently before the Superior Court of Pennsylvania is the appeal of ▮▮▮▮▮▮▮ (Appellant) from this Court's Order, dated October 22, 2014, in which Appellant was directed to pay restitution in the amount of one thousand two hundred fifteen dollars and twenty-one cents ($1,215.21) to Ms. Pamela Weinberg[1].

### Procedural History

Written allegations were filed on April 1, 2014. The Commonwealth filed a Juvenile Petition in the matter on June 9, 2014. This Court entered a temporary Order on June 25, 2014 directing that Appellant be detained pending further review of this Court. Appellant received a psychological and IQ assessment on August 29, 2014. On September 29, 2014, Appellant entered a Counseled Admission pursuant to a negotiated plea agreement to five (5) counts of Forgery[2], five (5) counts of Theft By Deception[3], five (5) counts of Receiving Stolen Property[4], five (5) counts of Criminal Conspiracy[5] and five (5) counts of Bad Checks[6], each charge graded as a First Degree Misdemeanor. Appellant was adjudicated delinquent on October 22, 2014 and

---

[1] Pamela Weinberg is Jessica Weinberg's mother. Jessica Weinberg was the person who cashed the fraudulent checks on Appellant's behalf. Pamela Weinberg paid $1,215.21 to Member's First Bank on behalf of her daughter, Jessica Weinberg.

[2] 18 Pa.C.S.A. 4101(a)(2)

[3] 18 Pa.C.S.A. 3922(a)(1)

[4] 18 Pa.C.S.A. 3925(a)

[5] 18 Pa.C.S.A. 903

[6] 18 Pa.C.S.A. 4105(a)(1)

a period of probation was imposed. Also on this date, Appellant was directed to make restitution in the amount of one thousand two hundred fifteen dollars and twenty-one cents ($1,215.21) to Ms. Pamela Weinberg. On November 5, 2014, Appellant filed a Post-Dispositional Motion and a Petition for Transcript. Appellant's Petition for Transcript was granted on November 13, 2014. Appellant was granted Leave to Appeal In Forma Pauperis on November 26, 2014. Also on November 26, 2014, Appellant filed Notice of Appeal. On December 4, 2014, this Court directed Appellant to file a concise statement of issues intended to be argued on appeal. Appellant filed a timely Statement of Matters Complained of on Appeal on December 12, 2014.

## Factual Background

Five checks were stolen from B.J. Smith. (Notes of Testimony, September 29, 2014, 7). Appellant and Terrance Morten approached Jessica Weinberg, a friend, and asked her to cash the stolen checks. (N.T., 7). Ms. Weinberg first cashed a check in the amount of $300.00 and then cashed three additional checks in the amount of $300.00, all on Appellant's behalf. (N.T., 7). Appellant told Ms. Weinberg that the checks belonged to a family member who was in prison and that Appellant had received permission from the owner to write checks to pay rent. (N.T., 7). However, the checks were stolen from B.J. Smith. (N.T., 7). Mr. Smith reported that the checks had been stolen and that he did not give anyone permission to cash them. (N.T., 7).

## Appellant's Statement of Errors Complained of on Appeal

Appellant argues the following on appeal:

2

1. The trial court erred by ordering restitution in the amount of one thousand two hundred fifteen dollars and twenty-one cents ($1,215.21) to a third party, Ms. Pamela Weinberg.

2. The trial court by [sic] ordering restitution in the amount of one thousand two hundred fifteen dollars and twenty-one cents ($1,215.21) as it was excessive and unreasonable in light of her degree of culpability in comparison to the other involved parties.

(Statement of Errors, December 12, 2014, 1,2).

## Discussion

The Juvenile Act grants broad discretion to the court when determining an order of restitution. Com v. B.D.G.,959 A.2d 362, 366 (Pa. Super. 2008). In relevant part, Pennsylvania statutory law dictates:

> (a) [i]f the child is found to be a delinquent child, the court may make any of the following orders of disposition determined to be consistent with the protection of the public interest and best suited to the child's treatment, supervision, rehabilitation and welfare, which disposition shall, as appropriate to the individual circumstances of the child's case, provide balanced attention to the protection of the community, the imposition of accountability for offenses committed and the development of competencies to enable the child to become a responsible and productive member of the community[.]

42 Pa.C.S. §6352(a). That statute further provides that the court may order "payment by the child of reasonable amounts of money as fines, costs, fees or restitution as deemed appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child, including a contribution to a restitution fund." 42 Pa.C.S. §6352(a)(5). Our Superior Court has held that that "[t]he Juvenile Act grants broad discretion to the court when determining an appropriate disposition" and that disposition will not be disturbed absent a

3

manifest abuse of discretion. In re J.G., 45 A.3d 1118, 1120 (Pa. Super. 2012) (citing In re R.D.R., 876 A.2D 109, 1013 (Pa. Super. 2005)). In reviewing an order of restitution, the Superior Court will find that discretion is abused where the order at issue is speculative or excessive or lacks support in the record. In re J.G., 45 A.3d 1118, 1120 (Pa. Super. 2012) (citing In Interst of Dublinski, 695 A.2d 827, 829 (Pa. Super. 1997)).

Appellant argues that this Court erred when it ordered restitution in the amount of $1,215.21 to a third party. Appellant further argues that the amount ordered was excessive and unreasonable in light of her degree of culpability in comparison to the other involved parties.

In the case of In re J.E.D., 879 A.2d 288, (Pa. Super. 2004), where the court ordered the juvenile to pay restitution stemming from a simple assault charge, the court applied a "but-for" analysis in which the juvenile was liable for restitution for all damages "which would not have occurred but -for his or her criminal acts" Id. at 289, 292.

Here, "but-for" the Appellant's actions in this case, there would be no need for the payment of restitution. However, Appellant admitted to the delinquent act which led to the need for such restitution. Appellant testified that she understood that she broke the law. (N.T., 4). Appellant further testified that she understood that she would face consequences of the adjudication of delinquency which could include the payment of money. (N.T., 5). If it were not for Appellant's actions, Pamela Weinberg would not have paid $1,215.21 to Member's First Bank.

Appellant further argues that the ordered amount of restitution was excessive and unreasonable in light of her degree of culpability in comparison to the other involved parties. However, in addition to the court having a broad measure of discretion in apportioning responsibility, the Juvenile Act authorizes, "the court to order payment by the child of reasonable

4

amounts of money as fines, costs, or restitution as deemed appropriate as part of the plan of rehabilitation concerning the nature of the acts committed and the earning capacity of the child" Com. v. B.D.G., 959 A.2d 362, 367 (Pa. Super. 2008).

This Court considered the fact that Appellant admitted to the charges and that Appellant is employed full-time as a manager at Install America and therefore able to pay the restitution ordered. (See Notes of Testimony, October 22, 2014, 6). This Court recognized that the amount of restitution ordered was appropriate as part of the plan of rehabilitation considering the nature of the acts committed and the earning capacity of the child.

Accordingly, we ask the Superior Court to affirm our Order of October 22, 2014 and to dismiss the appeal in this matter.

Respectfully submitted:

John F. Cherry, Judge

Dated January 23, 2015

Distribution: 1-27-15 @ 12:30 pm

The Superior Court of Pennsylvania mail
Sandra J, O'Hara, Esq., Dauphin County District Attorney's Office 1/0
XCorey Korinda, Esq., Dauphin County Public Defender's Office 1/0
Clerk of Courts KC
Robert Sisock, Deputy Court Administrator 1/0
Judge Cherry 1/0

5