J-A02005-18

2018 PA Super 342

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER ROBERT WEIR, | : | |
| | : | |
| Appellant. | : | No. 1799 WDA 2016 |

Appeal from the Judgment of Sentence, October 17, 2016,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s):  CP-02-CR-0005483-2016.

BEFORE:  BOWES, J., OLSON, J., and KUNSELMAN, J.

CONCURRING OPINION BY KUNSELMAN, J.:     FILED DECEMBER 17, 2018

I concur with the Majority on Weir's weight of the evidence claim, but I write separately because I would affirm Weir's restitution claim for different reasons.

In Weir's second issue, he challenges the court's restitution award of $2,000.  The Majority finds his challenge implicates the discretionary aspects of his sentence and that Weir failed to preserve and therefore waived this claim.[1]  I disagree.  I believe this claim implicates the legality of sentence,

_____

[1] The Majority correctly cites most of the law in this area.  However, the Majority believes that any claim challenging the amount of restitution as excessive is a challenge to the discretionary aspects of sentence.  Majority Opinion, at 18.  This may be true with respect to restitution ordered as a condition or probation or parole, or in a case involving juvenile delinquency, where the court has discretion to enter an award.   This also may have been true for restitution awarded as part of a sentence before the amendments to

which is non-waivable, and I would address the claim on the merits. Nonetheless, I find the record supports the award of restitution for $2,000, and I would affirm on that basis.

In reviewing cases involving a restitution award on appeal, this Court first must determine whether restitution was imposed as part of the sentence, or as a condition of probation or as a condition for intermediate punishment. Each of these three scenarios implicates a different statutory authority. Here, the court imposed restitution as part of Weir's sentence. Thus, restitution is governed by 18 Pa. C.S.A. § 1106 and 42 Pa. C.S.A. § 9271(c), and not 42 Pa C.S.A. § 9754 (c)(8) or 42 Pa. C.S.A. § 9763(b)(10).[2]

Mandatory restitution, as part of a defendant's sentence, is now required for certain crimes under 18 Pa.C.S.A. § 1106, which states, in relevant part:

§ 1106. Restitution for injuries to person or property

(a) General rule.—Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, or wherein the victim suffered personal injury directly resulting from the crime, the offender shall be sentenced to

_____

section 1106, which changed the language from "may" to "shall", making an award under this section mandatory, instead of discretionary as it used to be. Here, however, Weir is not challenging the award as excessive, but rather that there was no support in the record for the amount awarded.

[2] Before ordering restitution under the other sections (probation or parole), the court must determine the defendant's ability to pay. See e.g. Commonwealth v. Harner, 617 A.2d 702, 707 (Pa. Super. 1992). That is not the case when awarding restitution as part of a direct sentence. 18 Pa. C.S.A. § 1106(c)(1); Commonwealth v. Colon, 708 A.2d 1279 (Pa. Super. 1998).

make restitution in addition to the punishment prescribed therefor.

* * *

(c) Mandatory restitution.—

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss.

* * *

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) Shall consider the extent of injury suffered by the victim, the victim's request for restitution … and such other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

* * *

(4)    (i) It shall be the responsibility of the district attorneys of the respective counties to make a recommendation to the court at or prior to the time of sentencing as to the amount of restitution to be ordered. This recommendation shall be based upon information solicited by the district attorney and received from the victim.

18 Pa.C.S.A. § 1106 (emphasis added).[3]

_____

[3] Pennsylvania's mandatory restitution statute, section 1106 of the Crimes Code, is similar to the Mandatory Victims Restitution Act (MVRA), 18 U.S.C.A. §3663A, which began requiring federal courts to order restitution for certain crimes in 1996. Congress's primary motivation in enacting the MVRA was the belief that the restitution framework of the prior act, (the Victim Witness Protection Act of 1982), had not adequately compensated crime victims. By

The Commonwealth has the burden to prove the amount of "full restitution." 18. Pa. C.S.A. §1106 (c)(1),(4). Although section 1106(c) mandates an award of full restitution, it is still necessary that the amount "be determined under the adversarial system with consideration of due process." Commonwealth v. Ortiz, 854 A.2d 1280, 1282 (Pa. Super. 2004) (en banc). Additionally, the amount cannot be speculative. The trial court must also ensure that the record contains a factual basis for the appropriate amount of restitution." Commonwealth v. Pleger, 934 A.2d 715, 720 (Pa. Super. 2007).

Here, Weir claims the restitution award of $2,000 was speculative and not supported by the record. Appellant's Brief at 18. Because he questions the court's authority to enter this award, unlike the Majority, I believe his claim attacks the legality of his sentence.

_____

mandating that judges order restitution in the full amount of victims' losses, Congress aspired to ensure that victims "receive the restitution that they are due," and thereby increase victim satisfaction with restitution orders. Matthew Dickman, Should Crime Pay?: A Critical Assessment of the Mandatory Victims Restitution Act of 1996, 97 Cal. L. Rev. 1687, 1689 (2009). The MVRA made restitution mandatory in almost all cases in which the victim suffered an identifiable loss, and removed judicial discretion from restitution orders. Id. Many states, including Pennsylvania, now have similar statutes. Pennsylvania's statute likewise removed judicial discretion from sentences of restitution; the only discretion remaining is the method of payment. See 18 Pa.C.S.A. §1106(c)(2)(ii).

In Commonwealth v. Crosey, 180 A.3d 761 (Pa. Super. 2018), the appellant similarly attacked the lack of evidentiary support for a restitution award. There, the appellant claimed the court could not award restitution of $7,864.72, because the amount was not supported by the record. We observed, "An appeal from an order of restitution based upon a claim that it is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing; as such, it is a non-waivable matter." Id. at 771 (quoting Commonwealth v. Rotola, 173 A.3d 831, 834-35 (Pa. Super. 2017))[4].

_____

[4] The Majority notes that our Supreme Court, in In the Interest of M.W., 725 A.2d 729, 731 n.4 (Pa. 1999), sought to clarify whether an appeal of an order of restitution implicates the legality or the discretionary aspects of a particular sentence. Majority at 13. There, the Supreme Court held "where such a challenge is directed to the trial court's authority to impose restitution, it concerns the legality of the sentence; however, where the challenge is premised upon a claim that the restitution order is excessive, it involves a discretionary aspect of sentencing." M.W., 725. A. 2d. at 731 n.4.

The Majority then takes issue with cases following In the interest of M.W., where an appellant claims the award is "unsupported by the record" and the courts found such challenges implicate the legality of the sentence. Majority at 14. I find no such conflict.

I note that those cases after In in the interest of M.W., where the defendant has made a claim that restitution was "unsupported by the record", all involve the mandatory imposition of restitution, where the court lacked discretion to award anything other than full restitution, under the revised section 1106 of the Crimes Code. They involve challenges to claims where the amount was not itemized, see e.g. Crosey, supra, or there was no nexus between the amount ordered and the crime itself, see e.g. Rotola, supra and Atanasio, infra, or, this case, where the amount ordered did not appear anywhere in the record. In my view, these cases all challenge the court's authority to award restitution for the amount chosen by the court. They

Other recent cases have also held such attacks challenge the legality of sentence. See Commonweatlh v. Holmes, 155 A.3d 69 (Pa. Super. 2017) (per curiam) (en banc). In an equally divided court, on an issue involving mandatory restitution for a victim's parents, both opinions in Holmes stated that "an appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of the sentencing. See Holmes, Opinion in Support of Affirmance, 155 A.3d at 78 (Stabile, J.); see also Holmes, Opinion

_____

implicate legality of the sentence and are in accordance with In the Interest of M.W.

I also note that some cases, which seem to suggest that these challenges involve the discretionary aspects of sentencing, were decided prior to the 1998 changes to the Crimes Code. See e.g. Commonwealth v. Penrod, 578 A.2d 486, 490 n.1 (Pa. Super. 1990). One case was decided after the amendments to the Crimes Code, but relied on cases decided prior to the amendments and did not discuss or recognize the change in the law requiring mandatory restitution after 1998. Commonwealth v. Pappas, 845 A.2d 829, 841 (Pa. Super. 2004) (relying on cases decided from 1984 through 1992 to find that challenges to restitution, where specific amounts were not established during the trial, implicated the discretionary aspects of sentencing). Other cases involved restitution awarded under the juvenile act or as a condition or probation or parole, where the court still has broad discretion in fashioning a restitution award. See e.g. In the interest of Dublinski, 695 A.2d 827 (Pa. Super. 1997) (noting that some of our opinions find these cases challenged the legality of sentence and some opinions find they challenged the discretionary aspects of sentence, but holding that under either analysis, the court could consider the merits; vacating the award of restitution against a juvenile and remanding for consideration of relevant factors) .

To the extent any conflict still exists, I would invite this Court en banc, or the Supreme Court of Pennsylvania, to clarify any confusion in our precedents regarding this issue.

in Support of Reversal, 155 A.3d at 88 (Ford Elliott, J.) (both opinions citing this Court's decision in Commonwealth v. Kinnan, 71 A.3d 983, 986 (Pa. Super. 2013)). See also Commonwealth v. Atanasio, 997 A.2d 1181, 1183 (Pa. Super. 2010) (holding that an appeal claiming that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects of the sentence).

Because I believe Weir's issue is a challenge to the legality of his sentence, I would decide it on the merits.

Issues related to the legality of sentence are questions of law; as a result, our standard of review over such questions is de novo and our scope of review is plenary. Commonwealth v. Gentry, 191 A.3d 813, 817 (Pa. Super. 2014).

I find this case analogous to Commonwealth v. Crosey, supra. There, the appellant similarly claimed the Commonwealth provided inadequate evidence at sentencing to support its claim of restitution. Crosey, 180 A.3d at 772. The trial court awarded restitution of $7,864.72, the exact amount requested by the district attorney. In affirming the award, the court noted there was a clear nexus between the crime and the victim's expenses that reasonably followed. Id. Specifically, the court acknowledged that although an itemized accounting of expenditures was not supplied to the court, the amount awarded was not excessive under the circumstances. Id.

There was no dispute the defendant's crimes required the victim's transport to the hospital by ambulance, and that the hospital rendered surgical efforts in an attempt to save his life. Id. Also, there could be no reasonable objection that burial expenses inevitably followed. Id. Additionally, the court noted that "an appropriate factual record supporting restitution was made in the presence of both parties during adversarial proceedings." Id. This Court agreed that the restitution award was reasonable and the facts of record supported the award. Id.

Here, Weir claims the Commonwealth offered no evidence to support the court's restitution award of $2,000.[5] Although he acknowledges that the victim testified that the cost of the repairs to his motorcycle was $1,492, Weir claims because the Commonwealth offered no corroboration for this amount, the court was not authorized to impose restitution for this amount. Appellant's Brief at 19. Similarly, Weir acknowledges that the victim testified that the cost to paint the bike would be $1,000. Id. However, Weir claims, again, because the victim offered nothing to corroborate the amount, such as receipts, the name of the repair shop, or photographs, the court had no authority to impose the amount of $2,000. Id. at 19-20.

_____

[5] I note that the award of restitution came after a sentencing hearing where the victim testified. Thus, Weir has not challenged due process. Although he had an opportunity, Weir offered no testimony as to the cost of the repairs, other than his cross-examination of the victim, where he pointed out that on the day of the incident, the victim estimated the total repair cost to be $250.

I agree with Weir, that there was no testimony that the victim's losses were exactly $2,000. However, I believe the record supported a factual basis for awarding the reasonable cost of the repairs, including the paint. First, the record clearly supports an award of $1,492, the cost of the repairs to the motorcycle. The record also contains evidence that the cost to paint the motorcycle was an additional $1,000.

Here, the victim claimed his 2012 Kawasaki 600 Motorcycle was damaged when Weir struck the headlight assembly during an altercation with him. On direct examination, the victim testified as follows:

> A. Whenever [Weir] struck it, it broke the main support and it busted off all the side taps for the side frames. And basically the whole gauge cluster, the headlight itself, nothing was supported. It was all broken.
>
> Q. How much do those parts cost to you?
>
> A. Without paint it was $1,400. Fourteen hundred ninety and some change. That's without paint. The original estimate that I gave [] that was with paint, but I couldn't afford it . . . But I didn't get the paint for the plastic done. I couldn't afford it. That's why it is only fourteen hundred ninety and some change.

N.T., 10/17/16 at 17.

> On cross-examination, the victim confirmed the exact amounts:
>
> Q. And your testimony today was the restitution amount was about or the amount that you had to pay to fix the bike was about $1,400, I believe?
>
> A. $1,492, correct. The original estimate was with paint, but I couldn't afford it. It was almost $1,000 they wanted to paint it. So I just got the plastic repaired.

Id. at 25.

Weir's attorney further questioned the victim about whether he told the officer that the amount of damage to the motorcycle was only $250, but the victim denied saying this.[6]  Id. at 25-26.

I believe, under Crosey, supra, the fact that there was no corroboration of these amounts is of no consequence.  All that is necessary is that the amounts were offered into evidence, at a hearing in the presence of both parties, and that the expenses were caused by the crime committed by the defendant and were reasonable.[7]  Weir had an opportunity at the hearing to introduce his own evidence regarding damages to the motorcycle.  Moreover, Weir did not dispute that the motorcycle was damaged as a direct result of his criminal actions.  Thus, there was a nexus between the amount ordered and the damage caused to the motorcycle.  Compare Commonwealth v. Poplawski, 158 A.3d. 671, 674-75 (Pa. Super. 2017) (vacating an award of

_____

[6] Conceivably, the trial court could have believed the $250 figure as a total amount of damages that and ordered restitution for that amount.

[7] Weir did not object to the amounts offered by the victim as hearsay or non-expert testimony.  I note that a property owner is generally competent to provide his opinion concerning the value of his property because of a "presumption of special knowledge arising out of such ownership." Baldassari v. Baldassari, 420 A.2d 556, 560 (Pa. Super. 1980).  However, I found no authority to support an extension of this rule to allow opinions by property owners concerning the cost of repairs.  See Narehood v. Keiter, 22 Pa. D. & C.3d 391, 393 (Pa. Com. Pl. 1981), aff'd, 443 A.2d 408 (Pa. Super. 1982) (involving cost of repairs for defective construction).  The restitution statute does not require expert testimony to support a claim for cost of repairs, but the rules of evidence may, depending on the situation and whether the opposing party objects.  We need not address this issue because Weir did not object to the admissibility of the victim's testimony regarding the repair costs.

restitution when the Commonwealth failed to establish that the victim's losses were directly caused by the crime committed by Poplawski).

Regarding the portion of the restitution award for painting the motorcycle, $508, I note that the record supported an award of $1,000 for this damage. Additionally, I note that the Commonwealth did not challenge the award of $508 for painting the motorcycle as less than "full restitution" to the victim. In his Opinion, the trial court indicated that it could have awarded the sum of $2,400 had it chosen to do so. T.C.O., 6/22/17, at 5. At the conclusion of the restitution hearing, the court stated, "At the criminal mischief [Weir] is ordered to pay restitution in the amount of $2,000. I'm splitting the paint job cost only because we don't have accurate detailed information in that regard. And it is an M2, so I'm staying with $2,000. Pay that through the court." N.T., 10/17/16, at 59.

I believe the record supported an award up to $2,492. Because the evidence suggested that Weir damaged the motorcycle during the commission of the crime, the trial court had the authority, and the duty, to award something for the cost to repair it in order to achieve "full restitution." 18 Pa. C.S.A. § 1106. That amount could be any reasonable amount, up to and including the amount requested by the district attorney or the victim.[8] Here,

_____

[8] I analogize an award of "full restitution" to an award for attorneys' fees. Even when a party is obligated to pay the other side's counsel fees, the court can still determine whether the amount incurred is reasonable, and may

the court awarded approximately half of what the victim indicated the cost would be to repaint the motorcycle. This amount was reasonable and did not exceed the amount requested by the Commonwealth.

I believe the amount was not speculative and was supported by the record. As such, I conclude the court had the authority to enter such an award, and I would not disturb it. See Crosey, supra.

_____

reduce the amount claimed when appropriate. McMullen v. Kutz, 985 A.2d 769,776-77 (Pa. 2009). Thus, I see no fault in the court reducing the amount claimed for painting the motorcycle to what it deemed to be a reasonable amount.