J. E01007/16

2017 PA Super 2

COMMONWEALTH OF PENNSYLVANIA  :    IN THE SUPERIOR COURT OF
                                                  :            PENNSYLVANIA
                      v.                 :
                                      :
NORMA JEAN HOLMES,           :        No. 305 MDA 2014
                                      :
               Appellant     :

Appeal from the Order Entered January 21, 2014,
in the Court of Common Pleas of Fulton County
Criminal Division at No. CP-29-CR-0000103-2012

BEFORE:  FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, SHOGAN,
           LAZARUS, MUNDY, OLSON, OTT, AND STABILE, JJ.

OPINION IN SUPPORT OF REVERSAL BY FORD ELLIOTT, P.J.E.:

**FILED JANUARY 04, 2017**

We agree that the trial court erred to the extent it ordered restitution as a condition of appellant's probation under Section 9754(c)(8) of the Sentencing Code. As explained in the Opinion in Support of Affirmance, restitution cannot be imposed as both a condition of probation and as part of a defendant's sentence under Section 1106(a) of the Crimes Code. Furthermore, the trial court did not determine appellant's ability to pay as required under Section 9754(c)(8). However, we are constrained to disagree that the victim's parents were entitled to mandatory restitution under Section 1106(a) for their son's funeral expenses.

Initially, we note that

> [i]n the context of criminal proceedings, an order of restitution is not simply an award of damages, but, rather, a sentence. An appeal from an order of restitution based upon a claim that a restitution order is unsupported by the record challenges the legality, rather than the discretionary aspects, of sentencing. The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing with questions of law is plenary.

> *Commonwealth v. Stradley*, 50 A.3d 769, 771-72 (Pa.Super. 2012) (citations and quotation marks omitted); *see also id.* (stating that because "[the appellant's] claim on appeal challenges the legality of his sentence, its review is not abrogated by the entry of his guilty plea.").

*Commonwealth v. Kinnan*, 71 A.3d 983, 986 (Pa.Super. 2013).

> Restitution is a creature of statute and, without express legislative direction, a court is powerless to direct a defendant to make restitution as part of his sentence. *Commonwealth v. Harner*, 533 Pa. 14, 617 A.2d 702, 704 (1992). Where that statutory authority exists, however, the imposition of restitution is vested within the sound discretion of the sentencing judge. *Commonwealth v. Keenan*, 853 A.2d 381, 383 (Pa.Super. 2004); *see also id.* (stating that "[t]he primary purpose of restitution is rehabilitation of the offender by impressing upon him that his criminal conduct caused the victim's personal injury and that it is his responsibility to repair the injury as far as possible.").

*Id.* "The court is required to specify the amount of restitution at sentencing, but may modify its order at any time provided that it states its reasons for any modification on the record." *Commonwealth v. Solomon*, 25 A.3d

380, 389-390 (Pa.Super. 2011), **appeal denied**, 40 A.3d 1236 (Pa. 2012),

citing **Commonwealth v. Dietrich**, 970 A.2d 1131, 1135 (Pa. 2009).

> In the context of a criminal case, restitution may be imposed either as a direct sentence, 18 Pa.C.S. § 1106(a), or as a condition of probation, 42 Pa.C.S. § 9754. When imposed as a sentence, the injury to property or person for which restitution is ordered must directly result from the crime. **See** 18 Pa.C.S.A. § 1106(a); **Harner**, 533 Pa. at 21, 617 A.2d at 704. However, when restitution is ordered as a condition of probation, the sentencing court is accorded the latitude to fashion probationary conditions designed to rehabilitate the defendant and provide some measure of redress to the victim. **Harner**, 533 Pa. at 21-22, 617 A.2d at 706. As this Court stated in **Harner**:
>
>> Such sentences are encouraged and give the trial court the flexibility to determine all the direct and indirect damages caused by a defendant and then permit the court to order restitution so that the defendant will understand the egregiousness of his conduct, be deterred from repeating this conduct, and be encouraged to live in a responsible way.
>
> **Harner**, 533 Pa. at 22, 617 A.2d at 707; **see also Commonwealth v. Walton**, 483 Pa. 588, 599, 397 A.2d 1179, 1185 (1979). Thus, the requirement of a nexus between the damage and the offense is relaxed where restitution is ordered as a condition of probation. **See Harner**, 533 Pa. at 22-23 & n. 3, 617 A.2d at 707 & n. 3; **see also** 42 Pa.C.S. § 9754(c)(8).

**In re M.W.**, 725 A.2d 729, 732 (Pa. 1999) (footnotes omitted).

The Crimes Code, 18 Pa.C.S.A. § 1106, provides, in relevant part, as

follows:

**(a) General rule.**--Upon conviction for any crime wherein property has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime, *or wherein the victim suffered personal injury directly resulting from the crime*, the offender shall be sentenced to make restitution in addition to the punishment prescribed therefor.

**(b) Condition of probation or parole.**--Whenever restitution has been ordered pursuant to subsection (a) and the offender has been placed on probation or parole, his compliance with such order may be made a condition of such probation or parole.

**(c) Mandatory restitution.**--

(1) The court shall order full restitution:

(i) Regardless of the current financial resources of the defendant, so as to provide the victim with the fullest compensation for the loss. The court shall not reduce a restitution award by any amount that the victim has received from the Crime Victim's Compensation Board or other governmental agency but shall order the defendant to pay any restitution ordered for loss previously compensated by the board to the Crime Victim's Compensation Fund or other designated account when the claim involves a government agency in addition to or in place of the board. The court shall not reduce a restitution award by any amount that the victim has received from an insurance company but shall order the defendant to pay any restitution

ordered for loss previously compensated by an insurance company to the insurance company.

(ii) If restitution to more than one person is set at the same time, the court shall set priorities of payment. However, when establishing priorities, the court shall order payment in the following order:

(A) The victim.

(B) The Crime Victim's Compensation Board.

(C) Any other government agency which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(D) Any insurance company which has provided reimbursement to the victim as a result of the defendant's criminal conduct.

(2) At the time of sentencing the court shall specify the amount and method of restitution. In determining the amount and method of restitution, the court:

(i) ***Shall consider the extent of injury suffered by the victim***, the victim's request for restitution as presented to the district attorney in accordance with paragraph (4) and such

other matters as it deems appropriate.

(ii) May order restitution in a lump sum, by monthly installments or according to such other schedule as it deems just.

(iii) Shall not order incarceration of a defendant for failure to pay restitution if the failure results from the offender's inability to pay.

(iv) Shall consider any other preexisting orders imposed on the defendant, including, but not limited to, orders imposed under this title or any other title.

**(h) Definitions.**--As used in this section, the following words and phrases shall have the meanings given to them in this subsection:

**"Crime."** Any offense punishable under this title or by a magisterial district judge.

**"Injury to property."** Loss of real or personal property, including negotiable instruments, or decrease in its value, directly resulting from the crime.

**"Offender."** Any person who has been found guilty of any crime.

**"Personal injury."** Actual bodily harm, including pregnancy, directly resulting from the crime.

**"Property."** Any real or personal property, including currency and negotiable instruments, of the victim.

> **"Restitution."** The return of the property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court.
>
> **"Victim."** As defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929.[Footnote 1] The term includes the Crime Victim's Compensation Fund if compensation has been paid by the Crime Victim's Compensation Fund to the victim and any insurance company that has compensated the victim for loss under an insurance contract.
>
> [Footnote 1] 71 P.S. § 180-9.1.

18 Pa.C.S.A. § 1106(a)-(c), (h) (emphasis added).

What is abundantly clear from a literal reading of Section 1106 is that the victim, for purposes of mandatory restitution, is the person who suffered the injury to property or personal bodily injury as a direct result of the offender's actions. Under this reading, the parents in this case are not entitled to restitution.

The issue created by this case and the reason for this court's **en banc** review is whether, under the Section 1106(h) definition of "victim," the phrase "[as] defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929," broadens the definition of victim to include one who is not a direct victim of the offender's conduct.

Section 479.1 of the Administrative Code of 1929, 71 P.S. § 180-9.1, was repealed by the Act of November 24, 1998, P.L. 882, No. 111 (Act 111), § 5103, effective immediately. The statutory notes to Section 180-9.1 of

the Administrative Code indicate, "For subject matter of the repealed sections, see now, 18 P.S. § 11.101 *et seq.*"  18 P.S. § 11.101 *et seq.* is the current codification of the Crimes Victims Act ("CVA"), which defines "victim" as follows:

> **"Victim."**  The term means the following:
>
> (1) A direct victim.
>
> (2) A parent or legal guardian of a child who is a direct victim, except when the parent or legal guardian of the child is the alleged offender.
>
> (3) A minor child who is a material witness to any of the following crimes and offenses under 18 Pa.C.S. (relating to crimes and offenses) committed or attempted against a member of the child's family:
>
>> Chapter 25 (relating to criminal homicide).
>>
>> Section 2702 (relating to aggravated assault).
>>
>> Section 3121 (relating to rape).
>
> (4) A family member of a homicide victim, including stepbrothers or stepsisters, stepchildren, stepparents or a fiance, one of whom is to be identified to receive communication as provided for in this act, except where the family member is the alleged offender.

18 P.S. § 11.103.   Consistent with Section 1106, the CVA defines "direct victim," in pertinent part, as follows:

> **"Direct victim."**   An individual against whom a crime has been committed or attempted and who as

a direct result of the criminal act or attempt suffers physical or mental injury, death or the loss of earnings under this act. The term shall not include the alleged offender.

18 P.S. § 11.103.

Clearly, under the CVA, a parent may be compensated as a "family member" or as the parent/legal guardian of a minor child in a representative capacity. The intent of the CVA is to compensate family members for their loss relative to their relationship to the direct victim.[1]

Admittedly, some confusion has occurred because 18 Pa.C.S.A. § 1106 specifically references Section 479.1 of the Administrative Code of 1929, which is the former codification of the CVA.[2] We addressed this issue in

---

[1] Unfortunately, as explained by Ms. Kerlin from the Office of Victims' Services, Bryan's parents would not be entitled to compensation because of his criminal conduct in driving a vehicle while intoxicated. If Bryan had been a passenger, rather than the driver, his parents would be entitled to compensation for funeral expenses under the CVA.

[2] Similarly, the Sentencing Code, 42 Pa.C.S.A. § 9721, references the Administrative Code:

> **(c) Mandatory restitution.**--In addition to the alternatives set forth in subsection (a) of this section the court shall order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained. For purposes of this subsection, the term "victim" shall be as defined in section 479.1 of the act of April 9, 1929 (P.L. 177, No. 175), known as The Administrative Code of 1929.

42 Pa.C.S.A. § 9721(c) (footnote omitted). Section 5103 of Act 111 repealed, *inter alia*, Section 479.1 of the Administrative Code of 1929.

***Commonwealth v. Opperman***, 780 A.2d 714 (Pa.Super. 2001), ***appeal denied***, 792 A.2d 1253 (Pa. 2001). In ***Opperman***, the appellant pled guilty to driving under the influence ("DUI") and homicide by vehicle while DUI. State Farm Mutual Automobile Insurance Company ("State Farm") sought restitution for the $45,000 it paid pursuant to the wrongful death and survival actions, alleging that it was one of the appellant's victims under 18 Pa.C.S.A. § 1106(h), which defines victim to include "any insurance company that has compensated the victim for loss under an insurance contract." ***Id.*** at 717. Prior to the entry of the appellant's guilty plea, State Farm entered into a release with the victim's parents whereby State Farm agreed to pay the uninsured limits of three separate automobile insurance policies held by the victim's mother. ***Id.*** The persons who were to receive payments included the victim's parents and various attorneys. ***Id.*** The appellant argued that the proceeds by State Farm were direct payments to third parties, not the victim, pursuant to the insurance contracts held by the victim's mother.

This court agreed that the trial court erred in ordering the appellant to pay restitution to State Farm for the wrongful death action, because the definition of "victim" under Section 1106 was repealed by the legislature and no longer includes parents as provided for under the CVA:

> As our decision is driven by the definition of a victim, we are compelled to discuss the application of The Administrative Code, ***supra*** as both 42 Pa.C.S.A. § 9721(c) and 18 Pa.C.S.A. § 1106(h) reference it.

As we have previously indicated, the references to The Administrative Code were accompanied by footnotes, which refer the reader to 71 P.S. § 180-9.1. This section, which contains The Administrative Code § 479.1, defines victim as "a person against whom a crime is being or has been perpetrated or attempted." However, this section was repealed on November 24, 1998, effective immediately. 1998, Nov. 24, P.L. 882, No. 111, § 5103, imd. effective. While we are cognizant of the fact that the subject matter of 71 P.S. 180-9.0 through 9.11 is now contained in the Crime Victims Act, 18 P.S. § 11.101 **et seq.**, this statute does not formally adopt, subsume or recodify the subject matter. It is also persuasive that 18 Pa.C.S.A. § 1106 was amended on December 3, 1998 subsequent to the repeal of 71 P.S. 180-9.1 and yet continued to incorporate the definition of victim as found in the Administrative Code of 1929. It would appear that since 18 Pa.C.S.A. § 1106 was amended after the effective date of the Crimes Victims Act and the repeal of the 71 P.S. § 180-9-9.11, the legislature had the opportunity to include the definition of victim as contained in the Crime Victims Act, if they so chose. Having not done so, we are constrained to find that the definition of victim as provided for in The Administrative Code of 1929 no longer exists as the most recent statute incorporating that definition has been abolished. As a result, our review of this case is limited to the definition of victim as it [is] set forth in the Crimes Code and the Sentencing Code.

**Opperman**, 780 A.2d at 718-719. This court concluded that the victim's parents were not "victims" entitled to restitution under 18 Pa.C.S.A. § 1106 and 42 Pa.C.S.A. § 9721:

While reality dictates that the victim's parents were, in fact, victimized when their son was killed by Appellant's criminal act, they are not victims as provided for by our legislature in the Crimes and Sentencing Codes. Furthermore, while the Crimes

> Code does allow for an insurance company to be considered a victim, this is only so when it provides reimbursement to the victim as a result of the perpetrator's conduct. 18 Pa.C.S.A. § 1106(c)(1)(ii)(D).

*Id.* at 719-720.

> [I]n the case *sub judice*, the insurance company paid damages pursuant to insurance contracts held by the *victim's mother* for damages *she and her husband* sustained as a result of the victim's death. The contract was not with the victim himself. Nor are the parents' damages awarded through the estate, but they are their own damages as a result of their son's death. Thus, we agree with Appellant's assertion that the monies State Farm attempts to collect from him were actually tendered to third parties not contemplated by the definition of victim in 18 Pa.C.S.A. § 1106 nor 42 Pa.C.S.A. [§] 9721. Accordingly, it was an error for the trial court to order Appellant to pay restitution to State Farm.

*Id.* at 720 (emphasis in original) (footnote omitted). **Compare Commonwealth v. Solomon**, 25 A.3d 380, 390-391 (Pa.Super. 2011), **appeal denied**, 40 A.3d 1236 (Pa. 2012) (trial court did not err in ordering defendant to pay restitution under Section 1106 to the complainant rather than the treating hospital to which the money was owed; "restitution is not meant to be a reimbursement system to third parties but rather a compensation system to 'victims' as that term is defined by the statute"), quoting **Keenan**, 853 A.2d at 384.

Following **Opperman**'s lead, in **Commonwealth v. Langston**, 904 A.2d 917 (Pa.Super. 2006), this court determined that the CVA and 18 Pa.C.S.A. § 1106 are separate and distinct statutes, with different

definitions of who qualifies as a "victim." In **Langston**, the defendant's pick-up truck crossed the center line and struck Glenn Clark's vehicle head-on, killing him and injuring his wife, Annette Clark. The defendant pled guilty to homicide by vehicle, recklessly endangering another person, and summary offenses. *Id.* at 919. At the time of the accident, Mrs. Clark was pregnant. *Id.* She gave birth to a healthy son, Michael Clark, while in a persistent vegetative state. *Id.* As part of her sentence, the trial court ordered the defendant to pay restitution in the amount of $20,000 to the Crime Victim's Compensation Fund ("the Fund") for money it paid out to Michael Clark's guardians, to be held in trust for Michael Clark. *Id.* at 920. Under 18 Pa.C.S.A. § 1106(h), the Fund may be substituted as the "victim" to receive mandatory restitution where compensation has been paid by the Fund to the victim as defined by Section 1106. *Id.* at 922-923.

This court in **Langston** concluded that while Michael Clark was a "claimant" entitled to loss of support under Section 11.103 of the CVA (family member of a homicide victim), he was not a "direct victim" of the crime entitled to restitution under 18 Pa.C.S.A. § 1106. There was no evidence that Michael Clark sustained any physical injuries as a result of the defendant's conduct. *Id.* at 923. After analyzing **Opperman**, this court in **Langston** decided that Michael Clark was not a "direct victim" of the crime entitled to restitution under 18 Pa.C.S.A. § 1106:

> Similarly, here, although Michael Clark has been undoubtedly "victimized" by appellant in the tragic

> loss of his parents, he is not a victim for restitution purposes as provided by statute. The mandatory payment of restitution pursuant to Section 1106 of the Crimes Code is limited to the direct victim and not to third parties, including family members, who shoulder the burden of the victim's losses. *Keenan*, *supra* at 384, citing *Commonwealth v. Balisteri*, 329 Pa.Super. 148, 478 A.2d 5, 10 (1984); *Opperman*, *supra*.

*Langston*, 904 A.2d at 924. Since the Fund did not make any payments to the direct victims of the defendant's crimes, the defendant could not be required to reimburse the Fund under 18 Pa.C.S.A. § 1106(c)(1)(i). The CVA and Section 1106 have different definitions of who qualifies as a "victim"; a "claimant" for purposes of the CVA is not necessarily a "victim" of the crime entitled to mandatory restitution under Section 1106. *Id.* at 925.

*Langston*'s discussion of who is a "victim" under the CVA and Section 1106 was cited favorably by the Pennsylvania Supreme Court in the recent case of *Commonwealth v. Hall*, 80 A.3d 1204 (Pa. 2013). In *Hall*, the court considered whether the trial court could order the defendant to pay child support for the victim's children, as a condition of his probation under 42 Pa.C.S.A. § 9754. Section 9754 does not expressly authorize future financial support to a homicide victim's surviving minor children, nor would the victim's children be considered "direct victims" of the crime under Section 1106 of the Crimes Code.

> Nevertheless, both the dissent below and the Commonwealth advert to the Crime Victims Act, noting that the definition of victim in that statute is much broader than the definition of victim in

Section 1106, and specifically embraces the child or children of a homicide victim. 18 P.S. § 11.103. This is true so far as it goes, but the statute obviously is of tangential relevance at best. The Crime Victims Act provides a scheme for protecting victims' rights and establishing remedies, such as compensation from various funds. However, compensation under the Act is made on the basis of claims filed by individual victims of crimes and determined by the Office of Victims' Services, 18 P.S. §§ 11.702, 11.704, rather than through court-ordered restitution by the defendant, although the amount of victim compensation under the Act may be reduced by amounts separately paid by the defendant as restitution. 18 P.S. §§ 11.707(e)(1), 11.1302. ***Accord Langston***, ***supra*** (***holding that court-ordered restitution was not supportable by fact that victim's son was a "victim/claimant" for purposes of Crime Victims Act; reasoning that Section 1106 and Crime Victims Act are two separate and distinct statutes, with different purposes and differing definitions of who qualifies as "victim," and are not interchangeable for purposes of defining proper recipients of restitution***).[Footnote 5]

> [Footnote 5] We are not persuaded by the Commonwealth's suggestion that the Crime Victims Act specifically authorizes the Section 9754 restitution in this case based on the Act's broad definition of the term "victim." In making this argument, the Commonwealth notes that the Superior Court's decision in [***Commonwealth v. Lebarre***, 961 A.2d 176 (Pa.Super. 2008)], which approved Section 1106 restitution for the benefit of a deceased victim's child, is at odds with the ***en banc*** court's decision in this case. In ***Lebarre***, the three judge panel concluded that the definition of "victim" in the Crime Victims Act applies to Section 1106 restitution, through a general cross-reference to a repealed

> Administrative Code provision in 18 Pa.C.S. § 1106(h) (defining "victim" for purposes of restitution by referring to section 479.1 of Administrative Code of 1929, 71 P.S. § 180–9.1). 961 A.2d at 179 n. 9. The repealed provision indicates generally that its subject matter, "which related to rights of and services for crime victims," is now located in the Crime Victims Act, 18 P.S. § 11.101 *et seq.* 71 P.S. § 180-9.1.
>
> To properly decide this case, we need not resolve the question of the interplay, if any, between the Crime Victims Act and Section 1106 of the Crimes Code. As we have already determined, the plain meaning of Section 9754, which is actually at issue here, allows for a broader range of "victims" for purposes of fashioning probationary conditions.

*Hall*, 80 A.3d at 1214 (emphasis added). Whether considered as *dicta* or an integral part of its rationale, the Pennsylvania Supreme Court clearly recognized with approval *Langston*'s analysis that the CVA and Section 1106 are not interchangeable for purposes of determining who qualifies as a "victim," but are separate and distinct statutes with different underlying purposes and legislative rationales. Ultimately, the *Hall* court determined that the trial court's award of $200/month of child support was speculative and not supported by the record. *Id.* at 1216-1217.

As this court observed in *Opperman*, the legislature had the opportunity to include the definition of "victim" as contained in the CVA, if it so chose, when it amended Section 1106 on December 3, 1998, subsequent to the repeal of 71 P.S. § 180-9.1. *Opperman*, 780 A.2d at 718-719.

Section 1106 was amended again on November 30, 2004, after this court's decision in **Opperman**. 2004, Nov. 30, P.L. 1618, No. 207, § 3, effective in 60 days (January 31, 2005). The legislature continued to incorporate the definition of "victim" as found in the Administrative Code of 1929. "The failure of the General Assembly to change the law which has been interpreted by the courts creates a presumption that the interpretation was in accordance with the legislative intent; otherwise the General Assembly would have changed the law in a subsequent amendment." **Kenney v. Jeanes Hosp.**, 769 A.2d 492, 497 (Pa.Super. 2001), **appeal denied**, 786 A.2d 988 (Pa. 2001), quoting **Fonner v. Shandon, Inc.**, 724 A.2d 903, 906 (Pa. 1999).

We reaffirm our holdings in **Opperman** and **Langston** that mandatory restitution under 18 Pa.C.S.A. § 1106 is limited to the direct victim and not third parties, including family members. Further, Section 1106(a) of the Crimes Code and the CVA, 18 P.S. § 11.103, must be read together, in **pari materia**, to give effect to the different purposes of the two statutes. **In re Trust Under Deed of Kulig**, 131 A.3d 494, 497 (Pa.Super. 2015) ("Statutory provisions relating to the same subject must be read in **pari materia**.") (citations omitted); **Casiano v. Casiano**, 815 A.2d 638, 642 (Pa.Super. 2002), **appeal denied**, 829 A.2d 1156 (Pa. 2003) ("statutes or parts of statutes that relate to the same persons or things or to the same class of persons or things are to be construed together, if possible") (citation

omitted); ***In re Peplinski's Estate***, 39 A.2d 271, 275 (Pa.Super. 1944) ("Statutes are to be construed in connection and in harmony with the existing law, and as a part of a general and uniform system of jurisprudence.") (citations and quotation marks omitted). "Moreover, individual provisions of a statute should not be read in the abstract, but must be construed with a view to its place in the entire legislative structure of the [statute]." ***Casiano***, 815 A.2d at 642 (quotation marks and citation omitted).

This interpretation is completely consistent with the statutory framework of both Section 1106 and the CVA. Both Section 1106 and the CVA consistently define direct victim as the person directly injured by the offender's actions. While the facts of this case are tragic and Joseph and Laura Nave undoubtedly have suffered a grave loss and been victimized by appellant's actions, they are not victims as provided for by our legislature in the Crimes and Sentencing Codes. As such, we are constrained to conclude that the trial court erred, as a matter of law, when it ordered appellant to pay restitution to the victim's parents as part of her sentence under 18 Pa.C.S.A. § 1106. This resulted in an illegal sentence. Nor are we inclined to unnecessarily broaden the legislature's clear definition of a victim entitled to restitution under 18 Pa.C.S.A. § 1106.

Since we determine that the victim's parents were not themselves "victims" for purposes of 18 Pa.C.S.A. § 1106, it is unnecessary to address

appellant's argument that the victim's death was not directly caused by her criminal actions. In addition, it is unnecessary to address appellant's argument that the trial court should have apportioned damages, as she was not the sole cause of the accident.

We also observe that appellant was sentenced to two years' probation on November 6, 2012. Appellant's probationary term should have expired on or about November 6, 2014. When appellant's probationary period expired, the trial court lost the authority to impose conditions of probation, including restitution. ***Commonwealth v. Karth***, 994 A.2d 606, 610 (Pa.Super. 2010) ("Once the term of probation expires, so, too, must any conditions attached thereto."). As there is no indication that appellant is still serving her sentence, remand would be pointless. ***Cf. Commonwealth v. Popow***, 844 A.2d 13, 20 (Pa.Super. 2004) (vacating the judgment of sentence and remanding for resentencing where the trial court improperly ordered restitution as part of the appellant's sentence under 18 Pa.C.S.A. § 1106(a), but restitution could be ordered as a condition of probation under 42 Pa.C.S.A. § 9754(c)(8)).

For these reasons, we would reverse the order of January 21, 2014, denying appellant's motion for reconsideration, and vacate that part of appellant's sentence ordering restitution in the amount of $12,794.50 to the victim's parents, Joseph and Laura Nave.

J. E01007/16

Bender, P.J.E., Lazarus and Ott, JJ. join this Opinion in Support of Reversal.

Mundy, J. did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/4/2017