J-S16022-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYREE A. LAWSON | : | |
| | : | |
| Appellant | : | No. 2608 EDA 2021 |

Appeal from the Judgment of Sentence Entered November 30, 2021
In the Court of Common Pleas of Montgomery County
Criminal Division at CP-46-CR-0000542-2009

BEFORE: DUBOW, J., MURRAY, J., and McCAFFERY, J.

MEMORANDUM BY MURRAY, J.:                          **FILED MAY 31, 2023**

Tyree A. Lawson (Appellant) appeals *pro se* from the judgment of sentence imposed after this Court granted post-conviction relief in the form of resentencing. We affirm.

On March 9, 2011, a jury convicted Appellant of robbery and related offenses. On June 1, 2011, the trial court sentenced Appellant to 18 – 60 years in prison. This Court affirmed the judgment of sentence and the Pennsylvania Supreme Court denied allowance of appeal. ***Commonwealth v. Lawson***, 60 A.3d 559 (Pa. Super. 2012) (unpublished memorandum), ***appeal denied***, 62 A.3d 379 (Pa. 2013).

In the intervening years, Appellant filed several unsuccessful petitions pursuant to the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. On June 19, 2018, Appellant filed a PCRA petition alleging he had

recently discovered that his unrelated federal conviction had been vacated and *nolle prossed*, and thus he was "entitled to a new sentencing hearing because the trial court utilized the now-overturned Federal Conviction to support its conclusion that Appellant was a violent criminal, and enhanced his sentence accordingly." ***See Commonwealth v. Lawson***, 226 A.3d 626 (Pa. Super. 2020) (unpublished memorandum at 1-2). The PCRA court found Appellant met the newly-discovered facts exception codified at 42 Pa.C.S.A. § 9545(b)(1)(ii), but determined Appellant was not entitled to relief. ***Id.*** at 2.

On appeal, this Court agreed Appellant satisfied the applicability of the newly-discovered facts exception, and concluded "the PCRA court did not err in denying relief…." ***Id.*** at 2-3. However, we *sua sponte* addressed "the legality of Appellant's sentence in light of the reversal of the Federal Conviction." ***Id.*** (observing "[w]here a petitioner has satisfied a timeliness exception to the PCRA … we have jurisdiction to address **a claim** regarding the legality of Appellant's sentence.") (emphasis added). We then considered whether Appellant was entitled to credit for time served, "to the extent Appellant was serving prison time for the Federal Conviction at the same time he was serving prison time for the instant case." ***Id.*** We concluded the record was "inadequate for us to make the determination. Accordingly, we remand[ed] this case to the PCRA court to consider **this issue**." ***Id.*** (emphasis added).

On remand, the PCRA court appointed counsel for Appellant and held a conference on September 3, 2021. At the conference, the court stated: "I have discussed the matter with counsel. [Counsel] does wish to raise **some additional issues** and seeks to file **an amended petition. I will allow that.**" N.T., 9/3/21, at 2 (emphasis added).

The court held a hearing on November 30, 2021. The parties stipulated that to give Appellant proper credit for time served, the effective date of his state sentence was November 9, 2009, rather than June 1, 2011. N.T., 11/30/21, at 4. After hearing argument, the court denied Appellant's amended PCRA petition. *Id.* at 21-22. The court then awarded credit for time-served and reimposed the original sentence. *Id.* at 26-27. It concluded Appellant would "pay the restitution and the court costs and comply with special conditions of parole." *Id.* at 27.

On December 9, 2021, although represented by counsel, Appellant filed a *pro se* notice of appeal and motion to proceed *pro se*. On January 28, 2022, this Court directed the court to conduct a hearing in accordance with ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998). On April 18, 2022, after a hearing, the PCRA court entered an order granting Appellant's motion to proceed *pro se*.[1]

On appeal, Appellant asks:

---

[1] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

I. Whether the [resentencing] court during it's [*sic*] resentencing hearing abused its discretion, erred and denied Appellant of [d]ue [p]rocess of [l]aw by deeming [the] Amended [PCRA] Petition: ***Apprendi***-violation; ***Blakely/Apprendi*** violation and Title 18 Pa. § 906/***Apprendi***-violation, and/or [n]onwaivable legality of sentencing claim(s) as being "untimely" and outside the scope of appellate' [*sic*] remand" which proceeding resulted Appellate's [*sic*] January 10, 2020 vacate & remand (2543 EDA 2020) from successful pled and proved PCRA time-bar exception?

II. Whether the resentencing court's refusal to address Appellant's [a]mended [p]etition's [l]egality of [s]entence claims resulted [in] an unreasonable abuse of discretion, judicial-bias and/or vindictiveness that may have, been impr[o]perly motivated Appellate's [*sic*] (254 EDA 2018) January 10, 2020, order vacating the it's [*sic*] 2018 final-order denying PCRA relief; yet remanding with instructions to consider [l]egality of Appellant's sentence.... now necessitating voluntary withdrawal or recusal to ensure protection of Appellant's [d]ue [p]rocess rights?

III. [Whether t]he [resentencing] court erred and denied Appellant of [*sic*] [d]ue [p]rocess of [l]aw by again sentencing Appellant to a null and void illegal sentence to pay fines and costs and non-mandato[r]y restitution without inquiring into Appellant's financial status and/or eligibility to pay in violation of 42 Pa.C.S. § 9726(c)?

Appellant's Brief at 4 (renumbered).[2]

In his first issue, Appellant challenges the denial of his amended PCRA petition. We may not consider this issue because the PCRA court on remand was limited to considering Appellant's credit for time served. Our Supreme Court has stated:

---

[2] Appellant has withdrawn his second issue. ***See*** Appellant's Brief at 4.

> Following a full and final decision by a PCRA court on a PCRA petition, that court no longer has jurisdiction to make any determinations related to that petition unless, following appeal, the appellate court remands the case for further proceedings in the lower court. In such circumstances, the PCRA court **may only act in accordance with the dictates of the remand order**. **The PCRA court does not have the authority or the discretion to permit a petitioner to raise new claims outside the scope of the remand order and to treat those new claims as an amendment to an adjudicated PCRA petition.**

*Commonwealth v. Sepulveda*, 144 A.3d 1270, 1280 (Pa. 2016) (footnotes omitted, emphasis added); *see also Commonwealth v. Rivera*, 199 A.3d 365, 388-89 (Pa. 2018) (PCRA petitioner is not entitled to raise new claims on remand); *Commonwealth v. Null*, 186 A.3d 424, 429 (Pa. Super. 2018) (lower court must strictly comply with this Court's mandate); *see also Gocek v. Gocek*, 612 A.2d 1004, 1009 n.7 (Pa. Super. 1992) ("on remand, the scope of inquiry should not exceed the perimeters set forth herein").

Here, remand was limited the issue of whether Appellant was entitled to credit for time served because his federal conviction had been overturned. *Lawson*, *supra* at 2. The PCRA court lacked jurisdiction to consider Appellant's amendment to his PCRA petition. *See Sepulveda*, 144 A.3d at 1280. Thus, Appellant's issue lacks merit.

Next, Appellant contends his sentence is illegal because the court sentenced him to pay the court costs and restitution it imposed at his original sentencing, without holding an ability to pay hearing. Appellant's Brief at 40-41. This issue does not merit relief.

The Pennsylvania Rules of Criminal Procedure provide that for costs, the court "shall, insofar as is just and practicable, consider the burden upon the defendant by reason of the defendant's financial means, including the defendant's ability to make restitution or reparations." Pa.R.Crim.P. 706(C). Certain costs, such as the cost of prosecution, are mandatory. 42 Pa.C.S.A. § 9728(g) ("other costs associated with the prosecution, **shall** be borne by the defendant") (emphasis added); 42 Pa.C.S.A. § 9721(c.1) ("[n]otwithstanding the provisions of section 9728 . . . the court **shall** order the defendant to pay costs") (emphasis added).

Section 9721(c.1) does "not require the court to consider the defendant's ability to pay prior to the imposition of costs." ***Commonwealth v. Lopez***, 280 A.3d 887, 900 (Pa. 2022). Further, "interpreting Rule 706(C) to require a presentence ability-to-pay inquiry would place the rule directly at odds with Section[] 9721(c.1)[.]" ***Id.*** Thus, Appellant was not entitled to an ability to pay hearing. ***See Lopez***, ***supra***.

With respect to restitution, we have explained:

In criminal proceedings, an order of restitution is not simply an award of damages, but is, rather, a sentence. ***Commonwealth v. Holmes***, 155 A.3d 69 (Pa. Super. 2017). Section 1106 of the Crimes Code specifies that restitution is **mandatory** and the defendant's financial resources, *i.e.*, his ability to pay, is irrelevant unless and until he defaults on the restitution order. ***Commonwealth v. Colon***, 708 A.2d 1279, 1284 (Pa. Super. 1998); ***see also*** 18 Pa.C.S.A. § 1106. Accordingly, it bears repeating that this Court has no authority to disregard the plain language of the Sentencing Code. 1 Pa.C.S.A. § 1921; ***see also*** [***Commonwealth v. Hall***, 80 A.3d 1204, 1211 (Pa. 2013)] ("The plain language of the statute is generally the best indicator of

- 6 -

legislative intent ....").  Appellant's claim — that his ability to pay was not considered — lacks merit because the court was not obligated to consider ability to pay when it entered the order.  ***Id.***

***Commonwealth v. McCabe***, 230 A.3d 1199, 1207-08 (Pa. Super. 2020) (emphasis in original), ***affirmed***, 265 A.3d 1279 (Pa. 2021).  Accordingly, the court did not err in ordering restitution without determining Appellant's ability to pay.  This issue does not merit relief.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2023