J-S38014-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT MILAZZO | : | |
| | : | |
| Appellant | : | No. 118 EDA 2024 |

Appeal from the Order Entered August 7, 2023
In the Court of Common Pleas of Monroe County
Criminal Division at No: CP-45-CR-0000687-2012

BEFORE: STABILE, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.: **FILED APRIL 7, 2025**

Appellant, Robert Milazzo, contends in this appeal that the trial court erred in not issuing a ruling on a petition to vacate restitution that Appellant filed on April 6, 2023. Since the trial court has not entered an appealable order, we quash this appeal.

On May 17, 2013, Appellant pled guilty to burglary for burglarizing a jewelry store and was sentenced to a term of imprisonment and to make full restitution to the victims. On November 27, 2013, following an evidentiary hearing, the court ordered Appellant to pay $153,693.49 in restitution. Appellant appealed from the restitution amount at 124 EDA 2014. On November 25, 2014, this Court vacated the sentence and remanded for resentencing "so that the sentence can be amended to include the amount of

_____

[*] Former Justice specially assigned to the Superior Court.

restitution awarded on November 27, 2013." ***Commonwealth v. Milazzo***, 124 EDA 2014, at 11 (Pa. Super., Nov. 25, 2014).

On December 30, 2014, the trial court resentenced Appellant and included the specific amount of $153,693.49 as restitution in the sentencing order. Appellant appealed to this Court at 429 EDA 2015, arguing that the record did not support this amount of restitution. On December 4, 2015, this Court affirmed the judgment of sentence. We observed that Appellant advanced the same issue that he previously raised in his appeal at 124 EDA 2014. We held that the law of the case doctrine precluded us from disturbing our previous decision in this case.

Over seven years later, on April 6, 2023, Appellant filed another petition to vacate his restitution pursuant to this Court's decision in ***Commonwealth v. Hunt***, 220 A.3d 582 (Pa. Super. 2019). In ***Hunt***, this Court held that the defendant could not be sentenced to make restitution to a limited liability corporation because this corporate entity was not a "victim" under the version of the restitution statute (18 Pa.C.S.A. § 1106) in effect at the time of his sentencing. On August 4, 2023, the trial court convened a hearing on this

motion. In an order docketed on August 7, 2023,[1] the court stated that "a decision in this matter is taken under advisement."[2] Order, Aug. 7, 2023.

On January 3, 2024, Appellant filed a notice of appeal to this Court. The notice stated that the appeal was "from the Order entered in this matter on August [7], 2023. This is based on Pennsylvania Rule of Criminal Procedure 720(B)(3)(a), in that 120 days have passed since this issuance of the last order."

On March 25, 2024, this Court directed Appellant to "show cause why this appeal should not be quashed as having been taken from a purported order which is not entered upon the appropriate docket of the lower court." On April 2, 2024, Appellant filed a response through counsel claiming that the appeal was from the order in early August 2023 taking Appellant's motion under advisement. On April 10, 2024, this Court ordered that the issue raised in the rule to show cause "will be referred to the panel assigned to decide the

_____

[1] Appellant repeatedly and mistakenly asserts that this order was entered on August 4, 2023. The docket reflects that the order was signed on August 4, 2023 but not docketed until August 7, 2023. We will refer to the order below either as an August 7, 2023 order or an order entered in early August 2023.

[2] On September 7, 2023, Appellant filed another petition to modify restitution. Citing **Hunt**, Appellant argued in this petition that at the time of his sentencing in 2013, restitution was not available under 18 Pa.C.S.A. § 1106 for corporate entities such as the jewelry store that Appellant burglarized. Although the introductory paragraph alleged that the petition was filed "through counsel," the petition was not signed by an attorney. On September 8, 2023, due to the absence of an attorney's signature, the court entered an order forwarding this petition to Appellant's attorney. Appellant does not contend that the September 7, 2023 petition or the September 8, 2023 order formed the basis for the present appeal, so we need not address this petition further.

- 3 -

merits of this appeal and the issue will be considered by that panel." Order, 4/10/24.

Appellant raises a single issue in his appellate brief:

Did the trial court err and abuse its discretion by not issuing a ruling on [Appellant's] motion to vacate restitution where the court previously found [Appellant] responsible for restitution in the amount of $153,693.49, where the victim, James Diamond Jewelry Store, is a business and not entitled to restitution, as a business is not included in the definition of victim, which was in place at the time of sentencing, as held by *Commonwealth v. Hunt*, 220 A.3d 582 (Pa. Super. 2019)?

Appellant's Brief at 6.

Before proceeding further, we must first determine whether we have jurisdiction over this appeal. This Court lacks jurisdiction over an unappealable order, and we may raise jurisdictional issues *sua sponte. See Kulp v. Hrivnak*, 765 A.2d 796, 798 (Pa. Super. 2000). Subject-matter jurisdiction presents a pure question of law, for which "the standard of review ... is *de novo*, and the scope of review is plenary." *In re Admin. Order No. 1-MD-2003*, 936 A.2d 1, 5 (Pa. 2007).

An "appeal may be taken of right from any final order[.]" Pa.R.A.P. 341(a). A final order is one disposing of all claims and all parties, is expressly defined as a final order by statute, or is declared so by the trial court. *See* Pa.R.A.P. 341(b); *Ben v. Schwartz*, 729 A.2d 547, 550 (Pa. 1999). An appeal may also be taken of right from several categories of interlocutory

orders. Pa.R.A.P. 311.[3] The appeal in this case is subject to quashal because it is not from a final order or from an appealable interlocutory order.

In 2013, Appellant pled guilty to burglary in 2013 and was sentenced to make restitution of $153,693.49. Thereafter, Appellant unsuccessfully requested *vacatur* of his restitution in both the trial court and this Court. **See Commonwealth v. Milazzo**, 124 EDA 2014 & 429 EDA 2015. On April 6, 2023, Appellant filed another petition in the trial court to vacate his restitution pursuant to this Court's decision in **Hunt**. On August 7, 2023, the trial court ordered that it was taking this petition under advisement. In September 2023, Appellant filed another petition, unsigned by counsel, citing **Hunt** for the proposition that the restitution statute, 18 Pa.C.S.A. § 1106, did not apply at the time of Appellant's sentencing to corporate victims such as the jewelry store that Appellant burglarized.

The Crimes Code provides that "[t]he court may, at any time or upon the recommendation of the district attorney ... alter or amend any order of restitution...." 18 Pa.C.S.A. § 1106(c)(3). Our Supreme Court has held that "[t]he plain language of [section] 1106(c)(3) provides courts with broad

---

[3] Most of Pa.R.A.P. 311 concerns interlocutory appeals in non-criminal cases. The only provision that expressly permits an interlocutory appeal by a defendant in a criminal case is Pa.R.A.P. 311(a)(3), which concerns changes of criminal venue or venire. Another provision that conceivably authorizes an interlocutory appeal by a criminal defendant is Pa.R.Crim.P. 311(a)(8), which permits an appeal from "[a]n order that is made final or appealable by statute or general rule, even though the order does not dispose of all claims and of all parties."

authority to modify restitution amounts at **any time** if the court states reasons for doing so as a matter of record." ***Commonwealth v. Dietrich***, 970 A.2d 1131, 1135 (Pa. 2009) (emphasis in original); ***see also Commonwealth v. Gentry***, 101 A.3d 813, 816 (Pa. Super. 2014) (stating that "this Court has held that Section 1106 "permit[s] a defendant to seek a modification or amendment of the restitution order at any time directly from the trial court[,]" and "creates an independent cause of action for a defendant to seek a modification of an existing restitution order").

We lack jurisdiction to address whether Appellant's construction of Section 1106 and ***Hunt*** is correct. The order from which Appellant attempts to appeal, the trial court's August 7, 2023 order, simply takes Appellant's April 6, 2023 motion under advisement. This is not a final order under Pa.R.A.P. 341(b), since it does not dispose of all claims and all parties, is not expressly defined as a final order by statute, and is not declared a final order by the trial court. Nor does this order fit within any of the classes of orders within Pa.R.A.P. 311 that are appealable as of right. ***See*** n.3, ***supra***.

In his notice of appeal, Appellant takes the position that this appeal was timely under Pa.R.Crim.P. 720, the rule governing post-sentence motions in criminal cases. We disagree.

Rule 720(A)(1) provides in relevant part that "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence." Moreover, "the judge shall decide the post-sentence motion . . . within 120

days of the filing of the motion. If the judge fails to decide the motion within 120 days . . . the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a). The court has the authority to grant a single thirty-day extension for decision on the motion "[u]pon motion of the defendant within the 120-day disposition period." Pa.R.Crim.P. 720(B)(3)(b). Finally, Rule 720 provides, "If the defendant files a timely post-sentence motion, the notice of appeal shall be filed: . . . within 30 days of the entry of the order denying the motion by operation of law in cases in which the judge fails to decide the motion." Pa.R.Crim.P. 720(A)(2)(b).

As best as we can tell, Appellant appears to believe that (1) the 120-day decision period under Rule 720 began running in early August 2023, when the court signed the order taking his April 6, 2023 petition under advisement; (2) the petition was denied by operation of law in early December 2023 because the court failed to decide the motion; and therefore (3) his appeal on January 3, 2024 was timely filed within thirty days after the petition was denied.

The flaw in Appellant's position is that Rule 720 does not apply to petitions to vacate restitution such as his petition in the present case. As stated above, a timely post-sentence motion must be filed within ten days after imposition of sentence. The restitution statute, however, authorizes courts to modify restitution amounts "at any time." 18 Pa.C.S.A. § 1106(c)(3). Thus, "a motion requesting modification of restitution is not

considered a typical post-sentence motion subject to timeliness constraints." ***Commonwealth v. Holmes***, 155 A.3d 69, 77 (Pa. Super. 2017) (*en banc*) (Stabile, J., opinion in support of affirmance); ***see also Gentry***, 101 A.3d at 816 (trial court had jurisdiction under Section 1106(c)(3) to consider motion to modify restitution order that had been entered more than three years earlier); ***Commonwealth v. Fetterolf***, 2021 WL 5756401, *2-3 (Pa. Super., Dec. 3, 2021) (non-precedential memorandum)[4] (although defendant did not file timely post-sentence motion or direct appeal, trial court had jurisdiction to review his petition to modify restitution filed almost two years after sentence).

These authorities demonstrate that Appellant's April 6, 2023, petition to vacate restitution is not subject to the time limitations within Pa.R.Crim.P. 720. Thus, Appellant's claim that this appeal is timely due to expiration of the 120-day decision period in Rule 720 is incorrect. The trial court herein was not required to decide Appellant's petition to vacate restitution within 120 days of its August 7, 2023, order. The trial court continues to retain jurisdiction to decide Appellant's petition. Moreover, the court wrote in its Pa.R.A.P. 1925(a) Statement that it "was prepared to decide [Appellant's petition] prior to [the]

---

[4] We may cite unpublished, non-precedential memorandum decisions of the Superior Court filed after May 1, 2019 for their persuasive value. ***See*** Pa.R.A.P. 126(b).

filing of the instant appeal," *id.* at 2, so we are confident that the court will enter its decision upon remand of the record.

For these reasons, we quash this appeal as premature.

Appeal quashed. Case remanded to trial court for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/7/2025