IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
       v.     :     No. 706 C.D. 2019
    :
Glenn M. Noel,     :     Submitted: August 8, 2025
               Appellant     :

BEFORE:     HONORABLE PATRICIA A. McCULLOUGH, Judge
                 HONORABLE LORI A. DUMAS, Judge
                 HONORABLE MATTHEW S. WOLF, Judge


***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH             FILED: October 20, 2025

      Glenn M. Noel (Appellant) appeals from the judgment of sentence entered in the Court of Common Pleas of Cambria County (trial court) finding him guilty of the summary offense of Section 2320(b) of the Second Class Township Code[1] for damaging a stormwater drainage box owned by Gallitzin Township (Township) and ordering him to pay $1,400.00 in restitution. Appellant challenges the trial court's guilty verdict on the basis that he was acting as a contractor, rather than as a property

---

[1] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–68701 (Code). Section 2320(b) of the Code states in pertinent part: "Any person who damages or diverts any drain or ditch without the authority of the board of supervisors commits a summary offense and is liable for the cost of restoring the drain or ditch." 53 P.S. § 2320(b).

owner, when he performed the construction work at issue, and he additionally contends the trial court's restitution order is not supported by the record. We affirm.

## Background

The relevant facts and procedural history of this case are as follows. In August of 2015, Appellant installed a French drain system on a property owned by his great-nephew, Joshua Crowley (Crowley Property). In order to connect the drain to the Township storm water collection system, Appellant cut a hole into a Township-owned storm water drainage box adjacent to the property, and installed a pipeline 4-inches in diameter. The Township never received any plans for the project or a request for approval to modify the drainage box before Appellant performed this work. When Appellant was informed the connection was improper, he removed the pipeline, leaving a hole in the drainage box. The Township began receiving complaints of water leaking from the drainage box onto the roadway after the hole was made.

On October 22, 2015, Thomas Levine from Levine Engineering LLC submitted a letter to the Township Board of Supervisors on behalf of the Crowley family opining that the issue could be corrected by removing the pipe and sealing the hole according to the Pennsylvania Department of Transportation's construction standards. (Reproduced Record (R.R.) at 14a.) Mr. Levine additionally requested that his letter be considered a submitted plan to repair the drainage box. The Township did not respond to this letter or approve of the repair plan. Appellant attempted to repair the hole himself using the letter as a guide.

On May 26, 2017, the Commonwealth filed an Information charging Appellant with one count each of criminal mischief, construction without plan

2

approval, and damaging a ditch without authority.[2]  The trial court held a bench trial on May 30, 2018, where it heard testimony from multiple witnesses including Township Supervisor Road Master Joseph Benzie, Appellant, Joshua Crowley, and Joshua's father, Matthew Crowley.

Mr. Benzie testified that no one contacted his office to request approval for the French drain project at the Crowley Property.  Mr. Benzie indicated that he has worked for the Township for 13 years, and that the Township has always required plan approval to connect into its stormwater collection system.  (R.R. at 22a.)  With respect to the alteration that Appellant made, Mr. Benzie explained:

> The storm water that that box collects presently is an overload down into private property, it[']s causing some wet problems for the private lot.  [The Township] really doesn't want any more water in that box.
> . . . .
>
> [T]he pipe that [Appellant] installed was taken out and left a hole in the box, so the box has been compromised and it's leaking.

(R.R. at 24a.)  Mr. Benzie recounted that after Appellant removed the pipe, he attempted to repair the damage by filling the hole with limestone, but that the material allowed water to pass through it and leak.  (R.R. at 35a.)  Mr. Benzie testified that the Township received an estimate of $1,400.00 to replace the drainage box and that it plans to initiate this work when the litigation is revolved.

Mr. Benzie further testified that at the time Appellant installed the French drain, there was already another pipe connecting into the same drainage box from a neighboring property.  Mr. Benzie explained that this work was completed prior to his

---

[2] 18 Pa.C.S. § 3304(a)(5), 53 P.S. § 67317(f), and 53 P.S. § 2320(b), respectively.  The Commonwealth withdrew the construction without plan approval charge, and the trial court found Appellant not guilty of the criminal mischief offense.

3

employment with the Township and he did not know if a permit was issued for that pipe. (R.R. at 29-30a.) Mr. Benzie testified that the pre-existing pipe has caused no problems or concerns for the Township. (R.R. at 33a.)

Appellant testified he worked for the Township for thirty years in various positions including Township Supervisor until 2010. (R.R. at 63a.) Appellant conceded that he did not personally contact the Township for approval before he installed the French drain on the Crowley Property, but that the Crowley family contacted the Township and was told no permits were necessary. (R.R. at 66a.) Appellant explained that when he installed the pipe, there was already another pipe connected to the drainage box from a neighboring home. (R.R. at 67a.) Appellant recounted that he removed the pipe after he was notified it was improper and that he later filled the hole in the drainage box according to the standards recommended by Mr. Levine. (R.R. at 68a.) With respect to the Township's estimate, Appellant opined that $1,400.00 was excessive based on his experience working for the Township. (R.R. at 69a.)

Joshua Crowley testified that he did not contact the Township before Appellant installed the French drain system to ask if a permit was necessary, and that he spoke to the Board of Supervisors at a meeting after the pipe became an issue. (R.R. at 57a.) Matthew Crowley recounted that before the pipe was installed, his wife asked the Township tax collector if permits were necessary, and his wife was told that permits were likely not required. (R.R. at 59a.)

At the conclusion of the testimony, the trial court found Appellant guilty of the Section 2320(b) offense and deferred sentencing on restitution. The court noted its need for a written estimate, and its need to hear from Mr. Levine concerning the

4

adequacy of Appellant's repair and the estimated cost of repairing the drainage box. (R.R. at 78a.)

On August 23, 2018, the trial court held a sentencing hearing at which the Township presented an estimate from Steve Diehl Excavating to replace the drainage box for $1,400.00. Mr. Benzie testified that Appellant's efforts to repair the box were unsuccessful, and that the Township continues to receive complaints from residents about the leakage issue. (R.R. at 94a.)

Appellant presented no witness testimony or a written estimate for the repair. He argued against imposition of any restitution, and alternatively maintained that if the court ordered restitution, it should be paid by the property owner, and not by Appellant who was only acting as a contractor. (R.R. at 98a.) Appellant additionally objected to the Township's $1,400.00 estimate as excessive, and referred the trial court to Mr. Levine's October 2015 letter as an appropriate guide for the restitution amount. Appellant indicated that in his own experience as a former Township Supervisor, the repair costs should be less than $1,400.00, and advised that "there is a firm in Johnstown that can do it for like $500[.]" (R.R. at 99a.) Appellant also emphasized the fact that a neighboring property owner had installed a pipe into the drainage box before he installed the French drain system at the Crowley Property, and claimed that the pre-existing pipe caused the damage.

At the conclusion of the hearing, the trial court sentenced Appellant to pay the Township $1,400.00 in restitution to replace the drainage box. This appeal followed.[3]

---

[3] While Appellant initially filed his appeal with the Pennsylvania Superior Court, our sister court transferred the matter to this Court by order issued April 29, 2019.

## Discussion

## A. Section 2320 Violation

Appellant first contends the trial court erred in finding him guilty of violating Section 2320 of the Code because this provision applies only to property owners and not to contractors who perform the construction work. Appellant maintains that property owners are responsible for obtaining required permits or permission from the Township, and that in this case the property owner was advised that no plans or permits were required. (Appellant's Br., at 13-17.)[4]

In addressing issues involving statutory interpretation, we apply the Statutory Construction Act,[5] which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. 1 Pa.C.S. § 1921(a). "The clearest indication of legislative intent is the plain language of a statute." *Couloumbis v. Senate of Pennsylvania*, 334 A.3d 48, 53 (Pa. Cmwlth. 2025). "It is well established that when the language of a statute is clear and unambiguous, it must be given effect in accordance with its plain and obvious meaning." *Id.*

At issue here is the trial court's application of Section 2320 of the Code, which provides:

> (a) The board of supervisors or its agents may enter any lands or enclosures and cut, open, maintain and repair drains or ditches through the property when necessary to carry the water from the roads.

---

[4] Because this argument involves statutory interpretation, our standard of review is *de novo* and our scope of review is plenary. *Level 3 Communications, LLC v. Commonwealth*, 334 A.3d 1, 4 n.6 (Pa. Cmwlth. 2025).

[5] 1 Pa.C.S. §§ 1501-1991.

6

(b) **Any person** who damages or diverts any drain or ditch without the authority of the board of supervisors commits a summary offense and is liable for the cost of restoring the drain or ditch. All fines and moneys so recovered shall be paid to the township treasurer.

53 P.S. § 2320(a)-(b) (emphasis added). The word "person" is not listed as a defined term in the Code. 53 P.S. § 65102.

In rejecting Appellant's claim that Section 2320(b) does not apply to him because he was acting as a contractor and not the property owner, the trial court concluded:

[T]he statute indicates that it is a criminal offense for "[a]ny person" to damage or divert any drain or ditch. The legislature's use of the phrase "[a]ny person" indicates a clear intention that the statute is applicable to all persons and is not limited to property owners as [Appellant] suggests. Had the legislature intended section [2]320 to apply only to property owners they would have indicated this in the statutory language by changing "[a]ny person" to "property owner" or some other categorization. Instead they chose the broadest possible category of possible offenders, *i.e.* everyone in the Commonwealth, which is logical given that damage to drains and ditches may be caused by property owners, contractors working for property owners, or third party trespassers. To read section [2]320 in the narrow manner suggested by [Appellant] would be contrary to the principles of statutory construction and result in an absurd result not intended by the legislature.

The evidence presented at trial, including [Appellant's] own admissions, established that he cut a hole into the catch basin without approval and thus violated section 2320(b).

(Trial Ct. Op., 11/19/18, at 6-7.)

Upon review, we agree with the trial court that Section 2320 of the Code plainly applies on its face to any person, regardless of whether that person is a property

7

owner or contractor. The language of the statutory provision makes no reference to the words "property owner" or "contractor" and we cannot read these terms into the statute. If the legislature intended to differentiate treatment of those who act in an ownership capacity when causing damage to Township property from those who act as contractors, the legislature would have included language to this effect in the provision itself. However, the legislature did not do so, thereby demonstrating its intent to treat all "person[s]" equally for purposes of liability for restitution under the Code. Appellant's first issue merits no relief.

## B. Restitution

Appellant next contends the trial court's sentence of restitution to cover the cost of replacing the stormwater drainage box is not supported by the record.[6] (Appellant's Br., at 17-21.) Appellant maintains that ordering replacement of the entire box was improper because the pre-existing pipe connected into the box from a neighboring property caused the damage. Appellant also challenges the Township's $1,400.00 estimate as excessive, arguing based on his own testimony and the letter provided by Mr. Levine that "it is clear that the cost of restoring the ditch is somewhat less than the $1,400.00 ordered." *Id.* at 19.

Restitution is "the return of property of the victim or payments in cash or the equivalent thereof pursuant to an order of the court." 18 Pa.C.S. § 1106(h). "An order of restitution must be based upon statutory authority . . . and that authority lies generally in Section 9721(c) of the Sentencing Code, which provides: 'In addition to the [sentencing] alternatives set forth in subsection (a) of this section the court **shall**

---

[6] This issue challenges the legality of Appellant's sentence and raises a question of law. *Commonwealth v. Holmes*, 155 A.3d 69, 78 (Pa. Super. 2017). Therefore, our standard of review is plenary. *Id.* We also note that "although Superior Court cases are not binding on this Court, such cases may offer persuasive precedent where they address analogous issues." *Rickell v. Department of Transportation, Bureau of Driver Licensing*, 289 A.3d 1155, 1160 n.10 (Pa. Cmwlth. 2023).

8

order the defendant to compensate the victim of his criminal conduct for the damage or injury that he sustained. 42 Pa.C.S. § 9721(c)." *Commonwealth v. Weir*, 239 A.3d 25, 33 (Pa. 2020) (emphasis added). Restitution is governed by Section 1106 of the Crimes Code, which provides in permanent part:

> (a) **General rule**.—Upon conviction for any crime wherein:
>
> (1) property of a victim has been stolen, converted or otherwise unlawfully obtained, or its value substantially decreased as a direct result of the crime; []
> . . . .
>
> the offender **shall** be sentenced to make restitution in addition to the punishment prescribed therefor.

18 Pa.C.S. § 1106(a)(1)(emphasis added). With respect to liability for restitution, Section 1106 applies only to those property crimes where there has been a loss that flows directly from the defendant's conduct forming the basis of his conviction. *Commonwealth v. Harner*, 617 A.2d 702, 706 (Pa. 1992).

Additionally, in the instant case, the Code itself authorizes and mandates the imposition of restitution where a defendant is convicted of a 2320(b) offense, stating:

> (b) Any person who damages or diverts any drain or ditch without the authority of the board of supervisors commits a summary offense and **is liable for the cost of restoring the drain or ditch. All fines and moneys so recovered shall be paid to the township treasurer**.

53 P.S. § 2320(a) (emphasis added).

Here, with respect to the imposition of restitution and the appropriate amount, the Commonwealth presented the testimony of Mr. Benzie who explained that Appellant's attempt to repair the drainage box did not stop the flow of water, and that the Township continued to receive complaints from residents about the issue. The

Township submitted an estimate from Steve Diehl Excavating in the amount of $1,400.00 to replace the drainage box.

In response, Appellant presented no testimony and submitted only Mr. Levine's letter describing his proposed repair plan but not an estimated cost for the work. The letter also pre-dated Appellant's efforts to repair the drainage box himself, and therefore offered no opinion as to whether his work was adequate. While Appellant represented that the box could be repaired by "a firm in Johnstown . . . for like $500[,]" he did not identify the name of the firm or explain how he arrived at this dollar amount. (R.R. at 99a.)

While Appellant pointed to the pre-existing pipe connected to the drainage box as the cause of the ongoing leakage problem, he failed to present any evidentiary support for this claim. In contrast, Mr. Benzie testified at trial that this pre-existing pipe had not caused any problems or concerns for the Township. (R.R. at 33a.)

Finally, we highlight that the trial court deferred sentencing for the specific purpose of allowing the parties time to obtain evidence to inform its restitution decision. It held the sentencing hearing nearly three months after Appellant's trial. Although the trial court had advised the parties of its need for a written estimate, and to hear from Mr. Levine concerning the cost of his plan and his assessment of Appellant's attempted repair, Appellant presented no written estimate or witness testimony at the sentencing hearing. The record therefore reflects that Appellant had ample opportunity to gather evidence in support of his bald arguments against imposition of restitution, but was unable or unwilling to do so.

10

Based on the foregoing, we conclude the trial court's restitution order is fully supported by the record, and Appellant's contention to the contrary merits no relief.   Accordingly, we affirm the judgment of sentence.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
   :
v.    :    No. 706 C.D. 2019
   :
Glenn M. Noel,    :
         Appellant    :

## ***ORDER***

AND NOW, this 20th day of October, 2025, the judgment of sentence entered in the Court of Common Pleas of Cambria County on August 23, 2018, finding Glenn M. Noel guilty of Section 2320(b) of the Second Class Township Code[1] and ordering him to pay $1,400.00 in restitution, is hereby AFFIRMED.

_____
PATRICIA A. McCULLOUGH, Judge

---

[1] Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §§ 65101–68701.